568 A.2d 261

**RIVERS EDGE CONDOMINIUM ASSOCIATION**

v.

**RERE, INC., and Carl Massara.**

**Appeal of Carl MASSARA.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1989.

Filed Jan. 12, 1990.

Allen Weinberg, Philadelphia, for appellant.

Gary A. Krimstock, Philadelphia, for appellee.

Before MONTEMURO, KELLY and HESTER, JJ.

MONTEMURO, Judge:

In this appeal, we review the February 16, 1989, Order of the Court of Common Pleas of Philadelphia County, denying the appellant's Petition to Open Confession of Judgment. A trial court's decision regarding whether to open confessed judgment rests within the sound discretion

of the trial court and will not be disturbed on appeal absent an error of law or a manifest abuse of discretion. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.*, 506 Pa. 439, 485 A.2d 1086 (1984). Although the trial court in the instant case determined that the appellant, Carl Massara, had promptly filed the petition to open the confessed judgment, the court found that no meritorious defense had been alleged. We affirm.

The appellant owns two condominium units at the Rivers Edge Condominium, a residential complex located in Philadelphia, Pennsylvania. The definition of a "condominium" is set forth in 68 Pa.C.S.A. § 3103: "Real estate, portions of which are designated for the separate ownership and the remainder of which is designated for common ownership solely by the owners of the portions. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners." When the appellant purchased his units at Rivers Edge, it is undisputed that he became bound by the terms and conditions of the Rivers Edge Condominium By–Laws. R.R. at 42a. Further, any person acquiring title to a condominium at Rivers Edge automatically becomes a member of the Association of Unit Owners ("Association"). The Association, through its Executive Board, is responsible for the operation, maintenance, repair, improvement, and replacement of the common elements. *Id.* at 50a.[1] In order to maintain the common elements and to provide other services to the unit owners, such as insurance coverage, the Association must collect a monthly assessment from each unit owner to cover that owner's proportionate share of the common expenses. *Id.* at 69a. The By–Laws of Rivers Edge describe a unit owner's obligation to pay the assessment as follows:

1. The "common elements" of a condominium are simply all portions of the property other than the units. *See* 68 Pa.C.S.A. § 3103. It appears undisputed that in the case at bar, the common elements would include, *inter alia,* exterior surfaces of the condominium units as well as the lawn surrounding the entire complex.

The Unit Owner's liability for any assessments under this Article VI shall not be abated due to any interruption in his right of occupancy of his Unit, or any interruption in the delivery of any services to the Unit Owner or his Unit or for any other reason whatsoever, except as otherwise specifically set forth in this Article.

*Id.* at 71a.

Beginning in October of 1986, the appellant refused to pay assessments to the River's Edge Condominium Association for his two units. As a result, the Association obtained a Confessed Judgment for $20,539.00, the amount of the delinquent condominium assessments at that time. The appellant has consistently maintained that his withholding of the assessments is justified, because the Association has failed to properly perform its obligation to maintain and repair the common elements at River's Edge. Appellant claims that he has suffered significant property damage to his units from water leaks. He claims that the leaks have damaged furniture, rugs, paint, woodwork, and drywall.

There is no disagreement that the Rivers Edge Condominium has some structural problems, including faulty exterior stucco in certain areas. Indeed, as both parties acknowledge, the Association filed a class action against the engineers, developers, and contractors associated with Rivers Edge. In a partial settlement, the Association recovered funds which are to be used for structural repairs to the common elements. However, appellant's action in withholding his condominium assessments, even assuming that he has suffered the property damage he alleges, is not justified by the language of the Rivers Edge Condominium By-Laws, the statutes of this Commonwealth, or general public policy considerations.

The Rivers Edge Condominium By-Laws explicitly require that a unit owner continue to pay the condominium assessment even if the owner is *not* receiving services owed to him, i.e., repairs to the common elements. When an individual purchases a condominium unit at Rivers Edge, he necessarily accepts this provision allowing for no exemption

from payment of the assessments. Such a provision benefits all of the unit owners because if all unit owners continue to pay the assessments, maintenance and repairs to the common elements will continue to be possible. A condominium form of ownership in real estate succeeds, because unit owners agree to cooperate in the maintenance of common elements. When the appellant purchased his units at Rivers Edge, he chose to accept the benefits and obligations which accompany this form of real estate ownership. Although no appellate court in Pennsylvania has addressed the issue of whether the owner of a condominium unit may withhold condominium assessments based upon the alleged failure of the condominium association to maintain common elements, this issue was addressed by the Court of Common Pleas of Philadelphia in *Society Hill Towers Owners' Association v. Matthew*, 32 Pa.D. & C.3d 244 (1982). There, a judgment by confession had been entered in favor of a condominium association against unit owners who had failed to pay assessments. The unit owners claimed that they failed to pay the assessments due to the failure of the Association to provide required maintenance services. The trial court aptly responded to this contention:

> Regarding petitioners' contention that their obligation to pay was dependent upon the provision of services, nothing in their deed, the Condominium Declaration or Code of Regulations supports it. Under the Code of Regulations, unit owners are required to pay all assessments and have no right to withhold payment for alleged nonprovision of services. Petitioners should have directed their dispute over maintenance services to the condominium council rather than unilaterally withholding assessments.

*Id.* at 247–248.

We find it significant that nothing in Pennsylvania's Uniform Condominium Act supports the type of self-help action undertaken by the appellant Massara. Had the Legislature intended to allow owners of condominium units to

withhold assessments where owners believe that their condominium association is not performing its obligations properly, we believe the Legislature would have explicitly so provided. *Accord Newport West Condominium Association v. Veniar,* 134 Mich.App. 1, 350 N.W.2d 818 (1984). As it stands, unit owners must make their objections or complaints known to their condominium association. Further, our Uniform Condominium Act provides that where that unit owner believes that an association has been negligent or has breached a contractual obligation, the unit owner may institute a legal action against the association. *See* 68 Pa.C.S.A. § 3311. In the present case, if the appellant is unsatisfied or believes that he has been damaged by the conduct of the Rivers Edge Condominium Association, these are the remedies available to him.

For all of the foregoing reasons, we affirm.

Order affirmed.