TRUSTEES OF THE PRINCE CONDOMINIUM TRUST[1] *vs.*
JOHN P. PROSSER.

Suffolk. April 9, 1992. - June 4, 1992.

Present: WILKINS, ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Condominiums*, Common area, Common expenses. *Practice, Civil*, Attorney's fees, Costs.

This court elected to express its views on a question of law where, although not essential to the decision of an appeal, the matter had been fully briefed, was important, and was likely to arise again in circumstances in which the answer should be available before completion of the appellate process. [725]

This court was of opinion that, as a general rule, a condominium unit owner may not properly withhold payment of lawfully assessed common area charges by asserting a right of offset against those charges. [725-726]

In an action by the trustees of a condominium trust on a claim for unpaid common expenses lawfully assessed against a condominium unit owner in which the defendant counterclaimed, alleging that the plaintiffs had wrongfully denied him the right to use the garage parking space conveyed to him by the developer of the condominium at the time he acquired his unit and that this counterclaim could be used to offset any amounts due the plaintiffs, summary judgment was properly entered for the plaintiffs on the ground that the defendant failed to assert an enforceable claim against the plaintiffs, where the plaintiffs were not shown to have violated their obligations as trustees, nor to have been responsible for any wrong committed by the developer or for the consequences of their complying with a fire department order that the defendant's space not be used for parking. [726-727]

In an action by the trustees of a condominium trust to collect unpaid common expenses assessed against a unit owner, the trustees were entitled to an order, as provided in the condominium by-laws, awarding them their attorneys' fees, including attorneys' fees and costs in connection with the defendant's unsuccessful appeal. [727]

---

[1]The trustees of the Prince Condominium Trust who commenced this action are: Jerrold Olanoff, Richard Camuso, John Kris, Robert Laplante, and Evvajean Mintz.

CIVIL ACTION commenced in the Superior Court Department on May 18, 1989.

The case was heard by *Barbara A. Dortch*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Monique D. Donovan* for the defendant.

*Seth H. Emmer* (*Honora Kaplan* with him) for the plaintiffs.

*V. Douglas Errico & Marylou Muirhead*, for Community Associations Institute, New England Chapter Attorneys' Committee, amicus curiae, submitted a brief.

WILKINS, J. The trustees of a condominium trust commenced this action pursuant to G. L. c. 183A, § 6 (1990 ed.), to collect unpaid common expenses lawfully assessed against the defendant Prosser, a unit owner, and to enforce a lien for those expenses against Prosser's condominium unit. On the summary judgment record before us, there is no dispute that Prosser owes the plaintiffs the amounts they claim. He argues that he has a valid claim against the trustees that he may use to offset any amounts due to them. Prosser asserts by counterclaim that since 1980 the plaintiffs have wrongfully denied him the right to use the garage parking space conveyed to him by the developer of the condominium in the 1976 deed by which Prosser also acquired his condominium unit. Prosser seeks payment of the fair rental value of the parking space and an order that the condominium trustees cease interfering with his right to the exclusive use of the parking space.[2]

A judge of the Superior Court ruled that Prosser was obliged to pay his share of the lawfully assessed common expenses and could not exempt himself from doing so. The judge also ruled that the condominium trustees were not responsible for Prosser's loss of the use of his parking space.

---

[2]Prosser does not claim, alternatively, that at least the amount of his charges for common area expenses should be adjusted downward to reflect the fact that he no longer has the benefit of a parking space in the garage. We do not consider the point.

We transferred to this court Prosser's appeal from a summary judgment entered in favor of the condominium trustees on their complaint and on Prosser's counterclaim. We affirm the judgment.

1. The condominium trustees and the amicus curiae urge us to decide that the obligation of a condominium unit owner to pay any assessment of common expenses is an independent obligation not subject to offset. Because we conclude that the judgment can be affirmed simply on the ground that Prosser did not assert an enforceable claim against the condominium trustees, we do not have to decide the point. This issue is, however, fully briefed, important, and likely to arise again in circumstances in which the answer should be available before the completion of the appellate process. We, therefore, elect to state our views on the point. See *Globe Newspaper Co.* v. *Chief Medical Examiner*, 404 Mass. 132, 134 (1989).

In doing so, we agree with the Appeals Court's recent statement that there is no right to a set-off against a lawfully imposed condominium charge. *Baker* v. *Monga*, 32 Mass. App. Ct. 450, 453-454 (1992). Such authority as there is elsewhere in this country also supports the proposition that a condominium unit owner may not properly withhold payment of lawfully assessed common area charges by asserting a right of offset against those charges. See *Abbey Park Homeowners Ass'n* v. *Bowen*, 508 So. 2d 554, 555 (Fla. Dist. Ct. App. 1987); *Newport W. Condominium Ass'n* v. *Veniar*, 134 Mich. App. 1, 12-13 (1984); *Rivers Edge Condominium Ass'n* v. *Rere, Inc.*, 390 Pa. Super. 196, 199-200 (1990); *Pooser* v. *Lovett Square Townhomes Owners' Ass'n*, 702 S.W.2d 226, 230 (Tex. Ct. App. 1985); W.S. Hyatt, Condominium and Homeowner Association Practice: Community Association Law § 6.03 (a), at 255 (2d ed. 1988). Contra *Kirktown Homes Ass'n* v. *Arey*, 812 S.W.2d 198, 199 (Mo. Ct. App. 1991). The assessment is a lien on the unit enforceable as provided in G. L. c. 183A, § 6 (*c*), and the financial obligations of a unit owner are covenants running with the land. Whatever grievance a unit owner may have against the condominium trustees must not be permitted to affect the

collection of lawfully assessed common area expense charges. A system that would tolerate a unit owner's refusal to pay an assessment because the unit owner asserts a grievance, even a seemingly meritorious one, would threaten the financial integrity of the entire condominium operation. For the same reason that taxpayers may not lawfully decline to pay lawfully assessed taxes because of some grievance or claim against the taxing governmental unit, a condominium unit owner may not decline to pay lawful assessments. If there were to be an exception to this principle, it would be due to extraordinary circumstances not shown on the record before us.[3]

2. Even if a unit owner could properly assert an offset against lawfully assessed common area charges, Prosser's claimed offset was not legally enforceable. It is important to understand the circumstances that resulted in Prosser's loss of his parking space. That parking space, which, as we have said, the developer of the condominium property and not the condominium trustees sold to Prosser, was located on top of the entrance to the building's boiler room. In 1980, the Boston fire department issued an abatement order directing the trustees to remove Prosser's vehicle from the parking space and to discontinue use of the space for parking. The trustees advised Prosser of the order, and he complied with it. Various attempts to find a solution to the problem have been unsuccessful.

---

[3]The 1991 amendment of G. L. c. 183A, § 6 (St. 1991, c. 554, § 1), which is not applicable to this action (see St. 1991, c. 554, § 7), implicitly adopts the public policy view we have stated. The amendment provides, among other things, that, if a unit owner fails to pay any lawfully assessed common expenses, the organization of unit owners may collect rents due from any tenant renting the unit and apply the amount collected against the unit owner's debts. The only defense stated in the statute to such a collection of rents is proof by the unit owner of payment of the charges. The 1991 amendment thus disavows a unit owner's right to assert any claim of offset and implicitly endorses the concept that the collection of all common area charges is important to the viability of any condominium enterprise.

Prosser argues that the condominium trustees unlawfully took his parking space without compensating him for his loss. The problem with this argument is that the condominium trustees did not cause Prosser's loss. It may be that the condominium developer purported to sell Prosser a space for parking that lawfully could not be used for that purpose. In any event, the Boston fire department issued the order that the space not be used for parking. The trustees simply carried out that order. Although Prosser paid for a parking space that he now cannot lawfully use, the condominium trustees are not responsible for any wrong the developer committed or for the consequences of an order of the Boston fire department. The trustees have not violated their obligations as trustees. They had no duty to provide Prosser with an alternative parking space.

3. The condominium by-laws provide for the payment of attorney's fees, costs, and interest. The form of judgment entered in the Superior Court did not provide for the payment of any specific amount by Prosser nor did it address the matter of counsel fees. It simply stated, more like an order for judgment than a judgment itself, that judgment shall enter for the plaintiffs on the complaint. The complaint requested, among other things, the award of attorneys' fees. An order would be appropriate in the Superior Court, on motion of the plaintiffs, awarding them attorneys' fees, including attorneys' fees and costs in connection with this appeal. See as to agreements to pay attorney's fees and expenses, *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70 (1977); *Leventhal* v. *Krinsky*, 325 Mass. 336, 341 (1950).

*Judgment affirmed.*