Opinion
 

 NARES, J.
 

 Defendant and cross-complainant Ike Naber owns a condominium unit in a property development managed by plaintiff and cross-defendant Park Place Estates Homeowners Association, Inc. (Association). After Naber refused to permit the Association to conduct repairs in his unit, the Association filed suit and obtained preliminary injunctive relief. Naber later cross-complained, alleging the Association negligently performed the repairs. The Association amended its complaint, seeking to foreclose on an assessment lien and requesting damages for Naber’s interference with the repair work.
 

 The jury awarded the Association $6,500 on its damage claim. The court ruled in the Association’s favor on its equitable foreclosure action and entered a judgment of nonsuit on Naber’s cross-complaint. The court awarded the Association $47,403.05 for attorney fees incurred in its affirmative case and $18,053 for attorney fees and costs incurred in defending against Naber’s cross-complaint.
 

 Naber appeals. For the reasons stated in the unpublished portion of this opinion, we reverse the judgment of nonsuit on Naber’s cross-complaint and strike the $18,053 cost award. We remand for a limited retrial on Naber’s property damage claim based on the Association’s repair work conducted between February 1991 through April 1991. In all other respects we affirm the judgment.
 

 Factual And Procedural Background
 

 Naber purchased his condominium subject to the Association’s “Declaration of Covenants, Conditions and Restrictions” (CC&R’s). On January 14,
 
 *430
 
 1991, the Association filed suit against Naber, seeking declaratory and injunctive relief and alleging that Naber violated the CC&R’s by refusing to allow the Association to repair his condominium unit.
 
 [2]
 
 The court issued a preliminary injunction ordering Naber to vacate his condominium unit within 24 hours and to retrain from any activities which would disrupt the Association’s efforts to facilitate the repairs. The court also .ordered the Association to pay Naber $3,000 to “defra[y] his relocation costs” and to post a $2,000 bond.
 
 [3]
 
 The Association performed the repairs between February and April 1991.
 

 Two months later, on June 17,1991, Naber filed a cross-complaint against the Association alleging the Association committed wrongful acts when it performed the repair work.
 
 [4]
 
 In August 1991, the Association answered and filed an amended complaint adding allegations that Naber owed the Association $5,946.25 in unpaid monthly assessments and seeking to judicially foreclose on a lien imposed for the unpaid assessments. Two days before the discovery cutoff date, Naber moved for leave to file a second amended cross-complaint. The court denied the motion. The court, however, allowed the Association to amend its complaint to include a damage claim based on Naber’s refusal to permit the repair work.
 

 Trial began on March 10, 1992. Before jury selection the court granted several of the Association’s motions
 
 in limine
 
 and ruled in favor of the Association on its equitable cause of action for foreclosure of the assessment lien. After Naber had the opportunity to present his evidence to the jury, the court granted the Association’s motion for nonsuit as to all causes of action in Naber’s cross-complaint on the ground Naber failed to present facts to support his causes of action. Following closing arguments, the jury found in the Association’s favor on its damage claim and awarded it $6,500.
 

 Discussion
 

 I.
 

 The Association’s Complaint
 

 The Association alleged Naber had failed to pay monthly assessment fees as required by the governing CC&R’s. Before trial the Association
 
 *431
 
 moved to exclude any evidence that Naber was entitled to withhold or “set off’ his assessment obligation because the Association failed to maintain common area elements. The court granted the motion. Naber contends the court’s ruling was erroneous.
 

 Naber does not argue a condominium owner is excused from paying assessments if the association fails to perform its obligations under the CC&R’s.
 
 [5]
 
 Instead, Naber argues he should have been permitted to introduce evidence of the Association’s prior CC&R violations based on Code of Civil Procedure section 431.70, allowing an opposing party to assert its own affirmative claim in defense where “cross-demands for money" exist between the parties.
 
 [6]
 
 As our Supreme Court has recognized, however, this statutory setoff right is not absolute and can be limited when the assertion of such right would defeat public policy protecting the debtor. (See
 
 Jess
 
 v.
 
 Herrmann
 
 (1979) 26 Cal.3d 131,142-143 [161 Cal.Rptr. 87, 604 P.2d 208], quoting
 
 Kruger
 
 v.
 
 Wells Fargo Bank
 
 (1974) 11 Cal.3d 352, 367-368 & fn. 24 [113 Cal.Rptr. 449, 521 P.2d 441, 65 A.L.R.3d 1266] [“In light of th[e] equitable origin [of Code of Civil Procedure section 431.70], numerous California decisions have recognized that ‘the . . . right to setoff . . . may be restricted by judicial limitations imposed to uphold [independent] state policy.’ ”].)
 

 The Legislature has enacted very specific procedural rules governing condominium assessments. (See Civ. Code, §§ 1366, 1367.) Condominium
 
 *432
 
 homeowners associations
 
 must
 
 assess fees on the individual owners in order to maintain the complexes. (Civ. Code, § 1366, subd. (a).) The assessment “shall be a debt of the owner ... at the time the assessment . . . [is] levied.” (Civ. Code, § 1367, subd. (a).) When an owner defaults, the association may file a lien on the owner’s interest for the amount of the fees. (Civ. Code, § 1367, subd. (b).) If the default is not corrected, the association may pursue any remedy permitted by law, including judicial foreclosure or foreclosure by private power of sale.
 
 [7]
 
 (Civ. Code, § 1367, subd. (d).)
 

 These statutory provisions reflect the Legislature’s recognition of the importance of assessments to the proper functioning of condominiums in this state. Because homeowners associations would cease to exist without regular payment of assessment fees, the Legislature has created procedures for associations to quickly and efficiently seek relief against a nonpaying owner. Permitting an owner to broadly assert the homeowners association’s conduct as a defense or “setoff’ to such enforcement action would seriously undermine these rules. (See also
 
 Baker
 
 v.
 
 Monga
 
 (1992) 32 Mass.App. 450, fn. 8 [590 N.E.2d 1162, 1164] [“The independent nature of the covenant to pay in timely fashion common charges to the condominium unit owner’s organization is implicit in the contractual agreement of the association’s members that maintenance charges and other proper assessments are necessary to the sound ongoing financial management and stability of the entire complex.”].)
 

 Significantly, Naber concedes he had no right to withhold assessments based on the Association’s alleged wrongful conduct. Although neither the statutes nor the CC&R’s expressly preclude an owner from claiming a Code of Civil Procedure section 431.70 setoff under the circumstances here, such prohibition can be reasonably implied from the purposes underlying the statutory scheme and the CC&R provisions. The court did not err in excluding evidence of the Association’s prior conduct as a defense to the assessment action.
 
 [8]
 

 
 *433
 
 We reject Naber’s additional argument that the court erred in refusing to permit evidence of the Association’s prior CC&R violations as a setoff to the Association’s “quantum meruit” claim. There is no evidence in the record that Naber was precluded from raising this defense to the Association’s quantum meruit claim. Equally significant, because there is no showing in the record that the court found in the Association’s favor on the quantum meruit cause of action, any exclusion of evidence relevant to such claim could not have affected the judgment and therefore was not prejudicial.
 

 Naber additionally contends the court erred in precluding him from proffering evidence of the Association’s “unclean hands," including facts showing the Association’s “pattern of harassment” and “breaches of the . . . CC&R’s.” Naber, however, never pled an “unclean hands” defense as an affirmative defense, nor did he assert at trial that such evidence was relevant to his equitable defenses. Moreover, because Naber failed to include a trial transcript as part of the appellate record, there is no support for his contention the court’s ruling could have reasonably affected the outcome of the case. Because an appellant must affirmatively show error by an adequate record, “‘“[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent . . . .” [Citations.]”’
 
 (Null
 
 v.
 
 City of Los Angeles
 
 (1988) 206 Cal.App.3d 1528, 1532 [254 Cal.Rptr. 492], quoting
 
 Kearl
 
 v.
 
 Board of Medical Quality Assurance
 
 (1986) 189 Cal.App.3d 1040, 1051 [236 Cal.Rptr. 526], quoting
 
 Rossiter
 
 v.
 
 Benoit
 
 (1979) 88 Cal.App.3d 706, 712 [152 Cal.Rptr. 65].) Naber failed to establish prejudicial error.
 

 II, III.
 
 *
 

 Disposition
 

 We reverse the judgment of nonsuit on Naber’s cross-complaint and strike the $18,053 costs award. We remand for a limited retrial on Naber’s property damage claim based on the Association’s repair work conducted
 
 *434
 
 between February 1991 through April 1991. In all other respects, we affirm the judgment. Each party to bear own costs on appeal.
 

 Benke, Acting P. J., and Miller, J.,
 
 *
 
 concurred.
 

 [2]
 

 The repairs involved a form of “regrouting” work. Because Naber failed to include the trial transcript in the appellate record, the record is unclear as to the reason for the repairs or the precise nature of the repairs.
 

 [3]
 

 The court further ordered the parties to appear on February 29, 1991, “to determine whether there were any damages caused by [Naber’s] moving.”
 

 [4]
 

 The four causes of action included wrongful eviction, conversion, trespass and negligent infliction of emotional distress.
 

 [5]
 

 While this issue has never been addressed in a reported decision in California, courts in other states have refused to permit an owner to withhold payment of lawfully assessed common area charges by asserting an offset right against those charges. These courts have emphasized the importance of assessment fees to condominium management and the absence of legislative authorization for an offset.
 
 (Trustees of Prince Condo. Tr.
 
 v.
 
 Prosser
 
 (1992) 412 Mass. 723 [592 N.E.2d 1301, 1302] [“A system that would tolerate a [condominium] owner’s refusal to pay an assessment because the unit owner asserts a grievance . . . would threaten the financial integrity of the entire condominium operation.’’]; see also,
 
 Rivers Edge Condominium Ass’n
 
 v.
 
 Rere, Inc.
 
 (1990) 390 Pa.Super. 196 [568 A.2d 261, 263];
 
 Newport West Condominium Ass’n
 
 v.
 
 Veniar
 
 (1984) 134 Mich.App. 1 [350 N.W.2d 818, 822-823]; accord, Advising California Condominium & Homeowners Associations (Cont.Ed.Bar 1991) § 6.43, pp. 295-296.)
 

 [6]
 

 Code of Civil Procedure section 431.70 provides in relevant part: “Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person’s claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party.”
 

 [7]
 

 The CC&R’s contain parallel provisions as to the procedures for imposing monthly assessments and remedies for nonpayment of such assessments. These provisions state the purpose of the assessment “is to promote the recreation, health, safety, and welfare of the residents in the Project and for the improvement and maintenance of the Common Area for the common good of the project.” Pursuant to the CC&R’s, an assessment is a personal obligation of the owner on the date the assessment falls due.
 

 [8]
 

 Our determination that Code of Civil Procedure section 431.70 did not give Naber an independent right to assert the Association’s alleged wrongful conduct as a defense does not mean a condominium owner is without a remedy for a homeowner’s association’s violations of the CC&R’s. An owner’s remedy consists of legal action against the association and not the withholding of fees. (See
 
 Spitser
 
 v.
 
 Kentwood Home Guardians
 
 (1972) 24 Cal.App.3d 215 [100 Cal.Rptr. 798] [homeowners challenging an assessment by bringing an action for declaratory and injunctive relief].)
 

 *
 

 See footnote 1,
 
 ante,
 
 page 427.
 

 *
 

 Judge of the San Diego Superior Court sitting under Assignment by the Chairperson of the Judicial Council.