Filed 2/13/15  Total Transportation Services v. Armenta CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TOTAL TRANSPORTATION SERVICES, INC., | B256415 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. NS028839) |
| v. | |
| MIGUEL ARMENTA, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ross M. Klein, Judge.  Affirmed.

Ogletree, Deakins, Nash, Smoak & Stewart, Johnnie A. James, Robert R. Roginson, Monica R. Dean and Kathleen J. Choi for Plaintiff and Appellant.

Law Offices of Stephen Glick, Stephen Glick and Anthony Jenkins, for Defendants and Respondents Miguel Armenta, Enrique Canisalez, Oscar Gonzalez, Carlos Martinez and Alejandro Paz.

Bet Tzedek Legal Services, Kevin R. Kish, Matthew E. DeCarolis, Danielle Lang; Public Justice and Victoria W. Ni for Defendants and Respondents Jose Garcia, Jose Palma, Hugo Menendez, Jose Rosales and Ruben Valencia.

David L. Gurley, Edna Garcia-Earley, Patricia Salazar, Steve Arredondo, State Department of Industrial Relations, Division of Labor Standards Enforcement; Bird,

Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, Paul S. Chan and Gopi K. Panchapakesan for Defendant and Respondent Labor Commissioner of the State of California.

Oscar A. Reyes in pro. per., for Defendant and Respondent.

Walter Trujillo in pro. per., for Defendant and Respondent.

## I. INTRODUCTION

Plaintiff, Total Transportation Services, Inc., appeals from a May 13, 2014 order. The order denied plaintiff's ex parte application to stay or enjoin administrative hearings before the State Labor Commissioner pending adjudication of a petition to compel arbitration. Plaintiff asserts the trial court abused its discretion. The May 12, 2014 hearing on plaintiff's ex parte application was not reported. We asked the parties to brief the question whether plaintiff's failure to provide a suitable substitute for a reporter's transcript of the hearing warrants affirmance based on the inadequacy of the record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *In re Kathy P.* (1979) 25 Cal.3d 91, 102.) We conclude that it does. Accordingly, we affirm the order.

## II. DISCUSSION

In numerous situations, appellate courts have refused to reach the merits of an appellant's claim because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles, supra,* 43 Cal.3d at pp. 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P., supra,* 25 Cal.3d at p. 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 185-188

[appeal solely on partial clerk's transcript]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorneys fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Hernandez v. City of Encinitas* (1994) 28 Cal.App.4th 1048, 1076-1077 [legal issue arising during preliminary injunction hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532-1533 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc. § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof].) These courts have refused to reach the merits of an appellant's claim absent a reporter's transcript or a suitable substitute because error is never presumed. (*Null v. City of Los Angeles, supra,* 206 Cal.App.3d at p. 1532; *Rossiter v. Benoit, supra,* 88 Cal.App.3d at p. 712.) An appellant must affirmatively establish error by an adequate record. (*Foust v. San Jose Const. Co., Inc., supra,* 198 Cal.App.4th at p. 187; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435; *Park Place Estates Homeowners Assn. v. Naber* (1994) 29 Cal.App.4th 427, 433;

4

*Null v. City of Los Angeles, supra,* 206 Cal.App.3d at p. 1532.) In other words, it is an appellant's burden to provide an adequate record on appeal. (*Ballard v. Uribe,* supra, 41 Cal.3d at pp. 574-575; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 (plur. opn. of George, C.J.); *Foust v. San Jose Const. Co., Inc., supra,* 198 Cal.App.4th at p. 187; *Null v. City of Los Angeles, supra,* 206 Cal.App.3d at p. 1532-1533.)

The present record is insufficient to establish the merits of plaintiff's appeal. (*Aguilar v. Avis Rent A Car System, Inc., supra,* 21 Cal.4th at p. 149; *Null v. City of Los Angeles, supra,* 206 Cal.App.3d at pp. 1532-1533.) Absent evidence of what transpired at the ex parte hearing, we cannot conclude the trial court abused its discretion. Moreover, when, as here, the record is inadequate for meaningful appellate review, the appellant defaults and the trial court's decision will be affirmed. (*Foust v. San Jose Const. Co., Inc., supra,* 198 Cal.App.4th at p. 187; *Null v. City of Los Angeles, supra,* 206 Cal.App.3d at p. 1536.)

Plaintiff asserts it met its burden by filing a declaration by the attorney who appeared for it at the May 12, 2014 hearing. The declaration was attached to a related writ petition pursuant to California Rules of Court, rule 8.486(b)(3).[1] (*Total Transportation Services v. Superior Court* (May 27, 2014, B256271) [nonpub. order].) Johnnie A. James declared in part, "Pursuant to 'Los Angeles Superior Court Policy Regarding Normal Availability of Official Court Reporters and Privately Arranged Court

---

[1] All further references to a rule are to the California Rules of Court.

5

Reporters,' court reporters are generally unavailable for civil proceedings in the Superior Court unless privately retained for a specific proceeding by a party. None of the parties at the May 12 *ex parte* Application retained a court reporter and consequently no transcript is available for the oral proceedings."

We reject plaintiff's reliance on Mr. James's declaration for three reasons. First, no motion to augment has been filed. Second, rule 8.486 applies in writ proceedings; it does not apply in the present appeal. Instead, under rule 8.120(b), plaintiff was required to include a record of the oral proceedings in the trial court in one of the following forms: a reporter's transcript; an agreed statement; or a settled statement. (Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group, 2014) ¶ 4:27 et seq., p. 4-8.) Third, Mr. James offered no explanation for plaintiff's failure to secure a suitable substitute for a reporter's transcript of the hearing. A declaration may not be used to cure an inadequate record on direct appeal under these circumstances. (*People v. Collie* (1981) 30 Cal.3d 43, 57, fn. 10 [judge's declarations as to inspection of documents stricken]; *May v. May* (1969) 275 Cal.App.2d 264, 276, fn. 2 [Court of Appeal expresses its doubt that a trial judge's declaration as to what happened in chambers and no motion to augment was filed].) Absent a suitable substitute for a reporter's transcript of the May 12, 2014 hearing, we cannot consider whether the trial court abused its discretion in ruling on plaintiff's ex parte application.

## III.  DISPOSITION

The order is affirmed.  Defendants are to recover their costs on appeal from plaintiff, Total Transportation Services, Inc.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


MOSK, J.


GOODMAN, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7