Filed 6/24/16  Conservatorship of Migliore CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Conservatorship of the Estate of MERIK MIGLIORE. | B264658<br><br>(Los Angeles County<br>Super. Ct. No. LP014237) |
| REBECCA MARTENS,<br><br>      Petitioner and Appellant,<br><br>      v.<br><br>LEANNE MAILLIAN, as Guardian ad Litem,<br><br>      Objector and Respondent. | |

        APPEAL from orders of the Superior Court of the Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

        Rebecca Martens, in pro. per., for Petitioner and Appellant.

        No appearance for Objector and Respondent.

Plaintiff, Rebecca Martens, appeals from several orders issued by the probate court on June 16, 2015, including: denying her motion to be appointed trustee of her minor son's special needs trust; denying her motion that the current trustee be instructed to sell certain real property; and denying her motion to be appointed guardian ad litem for her son.

On appeal, a judgment or final order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) All intendments and presumptions are made to support the judgment or final order on matters as to which the record is silent. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *Cahill v. San Diego Gas & Electric Co.*, *supra*, 194 Cal.App.4th at p. 956.) Here, there is no reporter's transcript of the hearing. Plaintiff fails to provide any adequate substitute such as a settled or agreed statement of the hearing. Appellate courts have refused to reach the merits of an appellant's claim because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 185–188 [appeal solely on partial clerk's transcript]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorneys fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Hernandez v. City of Encinitas* (1994) 28 Cal.App.4th 1048, 1076-1077 [legal issue arising during preliminary injunction hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532-1533 [reporter's transcript fails to reflect content of special

instructions]; *Buckhart v. San Francisco Residential Rent Stabilization and Arbitration Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc. § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 711-712 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462-463 [failure to secure reporter's transcript or settled statement as to offers of proof].)  These courts have refused to reach the merits of an appellant's claim absent a reporter's transcript or a suitable substitute because error is never presumed.  (*Null v. City of Los Angeles*, *supra*, 206 Cal.App.3d at p. 1532; *Rossiter v. Benoit*, *supra*, 88 Cal.App.3d at p. 712.)  An appellant must affirmatively establish error by an adequate record.  (*Foust v. San Jose Const. Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435; *Park Place Estates Homeowners Assn. v. Naber* (1994) 29 Cal.App.4th 427, 433; *Null v. City of Los Angeles*, *supra*, 206 Cal.App.3d at p. 1532.)  In other words, it is an appellant's burden to provide an adequate record on appeal.  (*Ballard v. Uribe*, *supra*, 41 Cal.3d at pp. 574-575; *Foust v. San Jose Const. Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187; *Null v. City of Los Angeles*, *supra*, 206 Cal.App.3d at pp. 1532–1533.)

The record fails to include most of the relevant papers.  Failure to provide an adequate record on an issue requires that issue to be resolved against the appellant. (*Maria P. v. Riles, supra,* 43 Cal.3d at p. 1295; *Oliviera v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362; *Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46.)  Plaintiff also fails to provide argument and legal authority for each point raised in her brief.  It is not this court's role to construct theories or arguments that would undermine the presumption of correctness here.  (*Cahill v. San Diego Gas & Electric Co.*, *supra*, 194 Cal.App.4th at p. 956; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

At oral argument, plaintiff made unsubstantiated allegations of misconduct by various public employees.  No evidence supports any of these misconduct allegations.  Also, plaintiff requested that the conservatee be permitted to address the court.  The

3

conservatee, a minor, has not filed a brief.  The conservator and the guardian ad litem had not retained counsel for purposes of this appeal.  Thus, the conservatee could not address the court.  (Code Civ. Proc., § 372, subd. (a)(1); *J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 964.)

The June 16, 2015 orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


BAKER, J.