ROGER BLOOD & others, trustees, *vs.* EDGAR'S, INC.

Nos. 93-P-336 & 93-P-571.

Dukes County. January 6, 1994. - April 28, 1994.

Present: BROWN, GILLERMAN, & IRELAND, JJ.

*Condominiums*, Common area, Common expenses, By-laws. *Real Property*, Condominium. *Statute*, Construction, Retrospective statute, Retroactive effect. *Practice, Civil*, Retroactivity of judicial holdings, Attorney's fees.

This court held that henceforth a unit owner in a condominium may not challenge the assessment of its share of common charges by withholding payment, unless there has been a prior judicial determination that the assessment was unlawful; in the context of the condominium act, G. L. c. 183A, set-off and other self-help remedies are not available to challenge the lawfulness of an assessment. [404-407]

Trustees of a condominium trust were without authority under the condominium enabling act (G. L. c. 183A), the condominium master deed, or the by-laws governing the condominium association to assess as common expenses deficits incurred in a unit rental operation that was for the particular benefit of certain owners who wanted to rent their units; an action brought by the trustees to recover unpaid common expense assessments was remanded for a determination of credit due a unit owner attributable to the rental operation deficit. [407-408]

Neither the amendment to the condominium enabling act effected by St. 1991, c. 554, § 1, nor an amendment to the by-laws of a condominium association was retroactively applicable to support a claim for attorney's fees incurred in an action brought by condominium trustees to recover delinquent condominium common expense assessments, filed before the amendments were effective. [408-410]

CIVIL ACTION commenced in the Superior Court Department on April 23, 1991.

The case was heard by *Walter E. Steele*, J., on a motion for summary judgment, and a motion for attorney's fees and motions for reconsideration and to alter and amend were heard by him.

*Frances A. Miniter*, of Connecticut, for the plaintiffs.

*Russell Beck* for the defendant.

IRELAND, J. The plaintiffs, trustees of Katama Shores Condominium Trust, brought this action to recover unpaid common expense assessments owed by the defendant to an organization of unit owners of a condominium. G. L. c. 183A, §§ 6 & 10. Both parties appeal from the entry of summary judgment in the Superior Court. Mass.R.Civ.P. 56, 365 Mass. 825 (1974). On appeal, the defendant, found liable for the unpaid assessments, argues that it rightfully withheld payment of certain "illegal" common expense charges assessed by the plaintiffs. Although we decide that it is improper to challenge the lawfulness of a common expense assessment in a condominium by nonpayment, we also decide that in this case the assessment was, indeed, unlawful. The plaintiffs appeal the judge's denial of their motion for award of attorney's fees; we affirm the denial of that motion.

*The facts.* The material facts are not disputed. Katama Shores Condominium is a mixed use condominium (see *Barclay* v. *DeVeau*, 384 Mass. 676, 678 [1981]) in which the defendant, Edgar's, Inc. (Edgar's), owns the sole commercial unit in an otherwise residential complex. Under the condominium master deed, the owner of the commercial unit was responsible for payment of 10.555685 percent of the total common expenses.[1] In both 1990 and 1991, Edgar's refused to pay its portion of the assessment for common expenses on the ground that a part of each assessment was illegal. Specifically, Edgar's claimed that the plaintiffs, trustees of the Katama Shores Condominium Trust (trustees), illegally charged to Edgar's costs allocable to operating a de facto motel, a function that Edgar's claimed to be in contravention of the enabling act (G. L. c. 183A) as well as the master deed and the by-laws governing management of the condominium complex.

---

[1]Common expenses are defined by statute as "the expenses of administration, maintenance, repair or replacement of the common areas and facilities, and expenses declared common expenses by this chapter." G. L. c. 183A, § 1, as inserted by St. 1963, c. 493, § 1.

As a service to owners of residential units in the condominium, the trustees ran a rental operation of sorts, advertising the availability of condominium units for rent, booking openings, servicing, e.g., cleaning the units, and collecting rental charges for those residential owners who chose to participate in this "rental program." For those services the trustees charged those residential owners participating in the program a fee of thirty-five percent of the gross rental income earned on a unit rented through the trustees. The participating unit owners received the remaining sixty-five percent of the rental income attributed to their units, with interest at seven percent on any monies held by the trustees for their benefit.

In 1990, the thirty-five percent fee charged to the rental program participants was insufficient to cover the expenses of the rental program. The trustees rolled the deficit into the common expenses, to be paid by *all* unit owners in their designated proportions. Edgar's, a commercial enterprise, was obviously not eligible to participate in the rental program.

*The common expense assessments.* Edgar's defense to the trustees' action to collect the common expense assessments is simply that Edgar's is not required to pay illegal or unauthorized assessments. We conclude that a unit owner in a condominium may not challenge a common expense assessment by refusing to pay it.

In support of its position, Edgar's points to the enabling act, which provides: "The unit owner shall be personally liable for all sums *lawfully* assessed for his share of the common expenses" (emphasis supplied). G. L. c. 183A, § 6(*b*), as inserted by St. 1963, c. 493, § 1. Decisions interpreting that section have stressed that set-off and other self-help remedies are not available defenses to an action to collect *lawfully* assessed condominium common charges. *Trustees of the Prince Condominium Trust* v. *Prosser,* 412 Mass. 723, 724-726 (1992). *Baker* v. *Monga,* 32 Mass. App. Ct. 450, 454 (1992).

Condominiums are a creature of statute. G. L. c. 183A, §§ 1 et seq. "Our primary duty is 'to interpret a law so as to

effectuate the intent of the Legislature in enacting it.' " *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 n.3 (1982), quoting from *International Org. of Masters* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 392 Mass. 811, 813 (1984). "In determining the scope of the statute, we look not only at the Legislature's words, but also at 'the cause of [the statute's] enactment, the mischief or imperfection to be remedied and the main object to be accomplished.'" *Manning* v. *Nobile*, 411 Mass. 382, 387 (1991), quoting from *Telesetsky* v. *Wight*, 395 Mass. 868, 872 (1985).

In interpreting the condominium enabling act we acknowledge the legislative concern for prompt collection of common expense assessments. Failure by a large unit owner, such as Edgar's, to pay its common expense assessment would have a serious financial impact on the stability of a condominium association. *Trustees of the Prince Condominium Trust* v. *Prosser*, 412 Mass. at 726. *Baker* v. *Monga*, 32 Mass. App. Ct. at 454 n.8. For that reason, unit owners may not assert a right of set-off against common expenses assessed in a lawful fashion. *Trustees of the Prince Condominium Trust* v. *Prosser, supra* at 725-726. *Baker* v. *Monga, supra* at 453-454. In view of the importance placed by the Legislature on prompt collection of common expenses, we conclude that in the context of the condominium act, absent a prior judicial determination of illegality, a unit owner must pay its share of the assessed common expenses.[2] Self-help remedies, such as

---

[2]The importance placed by the Legislature on timely collection of assessed common expenses is reflected throughout the act, and the Legislature has consistently amended the act to strengthen common expense collection. For example, under an amendment effective as of March 1, 1992, unit owners are personally liable for common expense assessments and these may be collected and applied against the unit owner's debt, as within statutory limitations, from any tenant renting the unit. G. L. c. 183A, § 6(*c*), as appearing in St. 1991, c. 554, § 1. In addition, if a receiver is appointed, a lien for charges for expenses incurred by the receiver is given "priority over all other liens, and mortgages except municipal liens." G. L. c. 183A, § 6(*c*), as amended through St. 1992, c. 407, § 11. In 1992, the act was amended to provide: "No unit owner may exempt himself from liability for his contribution toward the common expenses by waiver of the

withholding condominium common expense assessments, are not available.

We add that a unit owner is not without remedy or recourse to challenge the propriety of common expense assessments. We suggest that aggrieved unit owners should timely pay — under protest — the common expense assessment. Thereafter, a judicial determination of the legality of the assessment, and suitable reimbursement, may be sought. See, e.g., *Kaplan* v. *Boudreaux,* 410 Mass. 435, 436 (1991); *Commercial Wharf East Condominium Assn.* v. *Waterfront Parking Corp.,* 407 Mass. 123, 124 (1990). In this respect, the condominium unit owner stands in much the same position as an owner of real estate, who is bound to pay the tax assessed before challenging it. See G. L. c. 58A, § 6. If appropriate, the unit owner may also petition the court for equitable relief. See, e.g., Mass.R.Civ.P. 4.1(a), as amended, 365 Mass. 737 (1974); Mass.R.Civ.P. 65, 365 Mass. 832 (1974). But see *Boston Teachers Union, Local 66* v. *Boston,* 382 Mass. 553, 565-566 (1981).

Although "[d]ecisional law is generally applied retroactively to past events," *Schrottman* v. *Barnicle,* 386 Mass. 627, 631 (1982) (citing *Tucker* v. *Badoian,* 376 Mass. 907, 918 [1978] [Kaplan, J., concurring]), we conclude that our decision establishing that a condominium unit owner may not challenge a common expense assessment by refusing to pay it ought to apply prospectively only. In so deciding, we consider "(1) the extent to which the decision creates a novel and unforeshadowed rule; (2) the benefits of retroactive application in furthering the purpose of the new rule; and (3) the hardship or inequity likely to follow from retroactive application." *Schrottman* v. *Barnicle,* 386 Mass. at 631-632, citing *McIntyre* v. *Associates Fin. Servs. Co. of Mass., Inc.,* 367 Mass.

---

use or enjoyment of any of the common areas and facilities or by abandonment of the unit or otherwise; and no unit owner shall be entitled to an offset, deduction, or waiver of common expenses or other charges levied or lawfully assessed by the organization of unit owners." G. L. c. 183A, § 7, as appearing in St. 1992, c. 400, § 11. See also *Trustees of the Prince Condominium Trust* v. *Prosser,* 412 Mass. at 726; *Baker* v. *Monga,* 32 Mass. App. Ct. at 453-454.

708, 712 (1975). See also *Tamerlane Corp.* v. *Warwick Ins. Co.*, 412 Mass. 486, 490 (1992). In view of the significance placed on the *legality* of common expense assessments as a precursor to an action to collect, see G. L. c. 183A, § 6; *Trustees of the Prince Condominium Trust* v. *Prosser*, 412 Mass. at 724-726, prior law is of questionable prognosticative value. See *Harrison* v. *Massachusetts Soc. of Professors/ Faculty Staff Union/MTA/NEA*, 405 Mass. 56, 62 n.7 (1989). The compelling inequity of condominium unit owners being held liable for illegal or unauthorized common expense assessments solely because they have brought an action as a counterclaim to a collection action instead of as an independent action[3] outweighs the benefits of retroactive application. In such a case, it is preferable to carry out the reasonable expectations of the parties. See *Tamerlane Corp.* v. *Warwick Ins. Co.*, 412 Mass. at 490.

Turning then to the merits of Edgar's dispute, we conclude that inclusion, as a common expense, of the deficit incurred by the trustees in operating the rental program was not authorized by the enabling act, the master deed, or the by-laws governing this condominium association. The powers of the trustees, enumerated in the association by-laws, are specifically subject to the enabling act and the master deed.[4] Thus,

---

[3]Although Edgar's claim was set forth in its answer as an affirmative defense to the trustees' complaint to collect the unpaid common expense assessment, we treat it as a counterclaim. Mass.R.Civ.P. 8(*c*), 365 Mass. 750 (1974).

[4]The declaration of trust sets forth the by-laws of the Katama Shores Condominium Trust, which provide in section 5.1: "The Trustees shall have all the powers and duties necessary for the administration of the offices of the Condominium and may do all things, *subject to and in accordance with all applicable provisions of said Chapter 183A and the Master Deed*, and, without limiting the generality of the foregoing the Trustees may, with full power and uncontrolled discretion, at any time and from time to time and without the necessity of applying to any court or to the Unit Owners for leave so to do: . . . (xiii) Generally, in all matters not herein otherwise specified, to control, do each and every thing necessary, suitable, convenient, or proper for the accomplishment of any of the purposes of the trust or incidental to the powers herein or in said Chapter 183A, manage and dispose of the trust property as if the Trustees were the absolute owners thereof and to do any and all acts . . . shown to be in their judgement for the interest of the Unit Owners." (Emphasis supplied.)

the trustees may appropriately assess common expenses only for those areas or facilities designated either specifically or by obvious inference in the enabling act and/or in the master deed as common. G. L. c. 183A, §§ 1, 10. See also *Tosney* v. *Chelmsford Village Condominium Assn.*, 397 Mass. 683, 686-687 (1986) ("Matters not specifically addressed in the statute should be directed to the parties to be worked out"). Generally, common expenses are those incurred in the "administration, maintenance, repair or replacement of the common areas and facilities . . . ." G. L. c. 183A, § 1, as inserted by St. 1963, c. 493, § 1. The master deed specifically limits common areas and facilities to those in the character of, for example, shared access property (walkways, roofs, breezeways, halls, stairways, and utility rooms) and central services/mechanicals (plumbing, electrical, and water lines). The rental program is not appropriately designated as an item of common expense because it is for the particular benefit of owners who wanted to rent their units, rather than for the benefit of the over-all condominium enterprise. The rental program, moreover, was created well after Edgar's committed itself to this association. The enabling act, master deed, and by-laws, therefore, provided no notice to Edgar's that it might become responsible for a share of the costs of this rental program as a common expense. Absent such notice, the parties are entitled to have their reasonable expectations enforced. We remand the case for a determination as to how much of the condominium association's common expense assessments against Edgar's is attributable to the rental operation. After deduction of this amount, the balance, plus interest therein, shall be payable by Edgar's.[5]

*Attorney's fees.* At the time the trustees filed suit, April 23, 1991, neither the by-laws of the condominium association nor the condominium enabling act provided for reimbursement of attorney's fees incurred in pursuit of delinquent con-

---

[5]Edgar's alleges the existence of significant disputes concerning the appropriate allocation of various of the general common expenses, such as salaries and wages and supplies, between normal and rental program expenses.

dominium common expense assessments. Relying upon amendments to the condominium act effective *after* the trustees filed suit, and a similar postsuit amendment to its own by-laws, both of which authorized attorney's fees, the trustees assert their right to reimbursement of attorney's fees. The trustees' petition for award of attorney's fees was correctly rejected by the Superior Court judge.

The provision cited by the trustees in support of their argument for attorney's fees was added by an amendment to G. L. c. 183A, § 6(c), effective March 1, 1992. G. L. c. 183A, § 6(c), as appearing in St. 1991, c. 554, § 1. See St. 1991, c. 554, § 7. This amendment made the collection of attorney's fees mandatory, but did not provide for retroactive operation. Absent a clear intent by the Legislature, its enactments are not to be applied retroactively. *Nationwide Mut. Ins. Co.* v. *Commissioner of Ins.*, 397 Mass. 416, 421 (1986). *Local 589, Amalgamated Transit Union* v. *Massachusetts Bay Transp. Authy.*, 414 Mass. 323, 328 (1993). *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 87-88 (1979). Thus, the amendment does not apply to this case.[6]

When this suit was initiated, the operative by-law required that collection costs be assessed to all of the unit owners in their designated proportion. The condominium association's amendment of its own by-law, made while this suit was pending, to provide for retroactive collection of attorney's fees, is not applicable to this action.

Although the condominium enabling act makes mandatory the adoption of a by-law setting out "[t]he manner of collecting from the unit owners their share of the common expenses," G. L. c. 183A, § 11, as inserted by St. 1963, c. 493, § 1, neither the enabling act nor the master deed and by-laws that govern management of this condominium complex address or authorize retroactive application of by-law amendments. The condominium master deed and the by-laws are, however, similar to municipal by-laws, *Johnson* v. *Keith*,

---

[6]The statute was amended again, effective April 6, 1993, to make collection of attorney's fees permissive. G. L. c. 183A, § 6(c), as amended by St. 1992, c. 400, § 7.

368 Mass. 316, 321-322 (1975), and, as is the case with statutes, *Nationwide Mut. Ins. Co.* v. *Commissioner of Ins.*, 397 Mass. at 421; *Local 589, Amalgamated Transit Union* v. *Massachusetts Bay Transp. Authy.*, 414 Mass. at 328; *Goes* v. *Feldman*, 8 Mass. App. Ct. at 87-88, should not be applied retroactively. The by-law amendment is not enforceable in this action.

From the date of this opinion, a condominium unit owner may not challenge the legality of a common expense assessment by refusing to pay it. The case is remanded for further proceedings to compute and award damages on Edgar's counterclaim, and the judgment is to be modified accordingly. The order denying the trustees' motion for attorney's fees is affirmed.

*So ordered.*