Botsford, J.
This is an action under c. 254, §§5 and 5A to enforce a lien under G.L.c. 183A, §6(c) for unpaid condominium expenses. The plaintiffs are trustees of the Bedfordshire Condominium Trust, authorized by the trust’s by-laws to bring this action on behalf of the trust. The defendant Barry Kort owns a unit in the Bedfordshire Condominium, which is located in Bed-ford, Massachusetts. The trustees filed the complaint in this action in August of 1995. Thereafter, Kort, who represents himself in this action, answered and counterclaimed. The thrust of the counterclaim is that the portion of the monthly common charges assessed for expenses related to maintenance of a golf course on the condominium property exceeds the authority of the trustees to impose and is illegal, so that he should not be obligated to pay that portion.
The case was tried before me without a jury on November 26, 1996. Before the trial began, the trustees moved to dismiss Kort’s counterclaim and also filed a motion in limine to preclude the introduction of evidence concerning the alleged illegal nature of the common area charges related to the golf course. I took the motions under advisement. The motion to dismiss was renewed during trial, and again taken under advisement. Set forth below are my findings of fact and a discussion of the legal issues raised. For the reasons discussed there, I conclude that judgment should enter in favor of the trustees, and the counterclaim filed by Kort must be dismissed.
Findings of Fact
The Bedfordshire Condominium (the condominium) is a condominium created and existing pursuant to G.L.c. 183A. It is governed by a master deed recorded with the Middlesex South Registry of Deeds, Book 18606, page 165, as amended. It is located in Bedford, Massachusetts.
The plaintiffs, Frederick Aufiero, Frederick Bird, Gordon Jameson, Donald Krebs, Richard Mazow, Howard Reubenstein and John Updegraph are the trustees of the Bedfordshire Condominium Trust (the trust). Kort is the owner of Unit No. 12 of the condominium, located at 12 Mitchell Grant Way in Bedford. He purchased the unit on June 14, 1988.
The trust is governed by a declaration of trust and bylaws; Kort’s unit deed specifically provides that his unit (like all other units in the condominium) is subject to the provisions of the declaration of trust and the bylaws, as the same may be amended from time to time.
Under Article 6, section 2 of the bylaws of the trust, the trustees assess each unit owner a monthly charge for common expenses of the condominium, based on an annual budget. Each unit owner’s charge is calculated according to the owner’s percentage of the undivided interest in the condominium’s common areas. Under Article 6, section 3, all common expense assessments are due within ten days from the date of billing. Nonpayment of the assessed amount for common expenses leads to an interest charge of 1V2 percent per month, plus liability for all expenses, including attorneys fees incurred in the collection of the unpaid assessments).
Beginning in November, 1993, Kort withheld $35 from his payment of the assessed amount for common expenses, claiming that the trust was without authority to include in the assessment any amounts relating to the maintenance of the golf course on the condominium property.[2] He has continued to withhold a portion of his payments since then until the present for the same reasons.
By letters dated January 19, March 23, May 3 and July 6, 1994, the trustees through counsel notified Kort that he was delinquent in payment of the common expenses assessed to his unit, and that should payment not be made, legal action would be instituted to collect the unpaid amounts. The trustees instituted this action in August, 1995.
*442 As of the date of trial, November 26, 1996, Kort owed $ 1,305 in unpaid common expense assessments and interest on this sum in the amount of $360.74. In addition, legal expenses related to the collection efforts of the trustees which totaled $8,719.00 under the by-laws, are also the responsibility of Kort.[3] The total owed, therefore, is $10,384.74.[4]
Discussion
1. Under G.L.c. 183A, §6, any unpaid amount of common expenses assessed to a condominium unit owner operates as a lien on the unit which the organization of unit owners- — here the trust — may enforce pursuant to G.L.c. 254, §§5 and 5A. The trustees in this action have provided the requisite notice of delinquency and intent to bring an action to Kort, as required by G.L.c. 183A, §6(c), and have otherwise complied with all pertinent provisions of that section as well as of the trust’s bylaws insofar as they pertain to bringing this case.
The amount claimed by the trust for unpaid assessments of common expenses, interest, and legal fees, $10,384.74, is recoverable under c. 183A, §6, and the trust is entitled to recover this amount in full.
2. What remains is Kort’s defenses and counterclaim, raising the argument that the portions of common expense assessments which he has not paid are not due because they were assessed without authority and contrary to law.
Whatever the merits of Kort’s arguments, they may not be raised as a defense or a counterclaim to this collection action brought by the trustees. Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402, 405-06 (1994).[5] Blood, like this case, was brought by trustees of a condominium trust to recover unpaid common expense assessments from one of the condominium unit owners. The unit owner defended on the ground that the assessments included certain “illegal” charges that it was not required to pay. Id. at 403. The court concluded that even though the unit owner’s argument of illegality had merit, still a unit owner cannot resort to self-help:
In view of the importance placed by the Legislature on prompt collection of common expenses, we conclude that in the context of the condominium act [G.L.c. 183A], absent a prior judicial determination of illegality, a unit owner must pay its share of the assessed common expenses. Self-help remedies, such as withholding condominium expense assessments, are not available.
We add that a unit owner is not without remedy or recourse to challenge the propriety of common expense assessments. We suggest that aggrieved unit owners should timely pay — under protest — the common expense assessment. Thereafter, a judicial determination of the legality of the assessment, and suitable reimbursement, may be sought. . .
Id. at 405-06 (footnote omitted). Cf. Trustees of the Prince Condominium Trust v. Prosser, 412 Mass. 723, 725-26 (1992); and Baker v. Monga, 32 Mass.App.Ct. 450, 453-54 (1992) (self-help and withholding not permissible in defense to lawfully assessed common expense charges). In addition, Blood determined that because withholding on account of alleged illegality is not a remedy, illegality is not a defense or a proper counterclaim to be raised in defense to a collection action. See Blood, supra, 36 Mass.App. Ct. at 406, 407. See Baker v. Monga, supra, 32 Mass.App.Ct. 450 (dismissal of unit owner’s counterclaims upheld). While the court in Blood ruled that its decision would be applied prospectively only, Blood was decided more than a year before the trustees began this case.[6] Accordingly, the rule established by the Blood case governs here, and precludes Kort’s defenses and counterclaim based on the allegedly unauthorized and “illegal” assessments for maintenance of the golf course. The counterclaim must be dismissed, although Kort is of course entitled to bring a separate action for declaratory judgment to contest the legality of the golf course expenses.
ORDER
For the foregoing reasons, it is ordered that a final judgment enter in this action as follows:
1. Judgment is to enter in favor of the plaintiffs in the amount of $10,384.74, plus interest and the costs of this action;
2. It is ordered and decreed that pursuant to G.L.c. 183A, §6, a lien exists on Unit 12 of Bedfordshire Condominium located at 12 Mitchell Grant Way, Bed-ford, Massachusetts (the Unit), as more particularly described in the deed recorded with Middlesex South District Registry of Deeds in Book 19129, Page 553, for the full amount of damages set forth above;
3. It is further ordered and decreed that the plaintiffs shall have a right of entry upon the Unit, and may enter upon and sell the Unit at public auction conducted by the Middlesex County deputy sheriff or by auctioneer duly licensed by the Commmonwealth of Massachusetts and said deputy sheriff or auctioneer shall have the right to execute all documents in connection with the sale of the Unit on behalf of the plaintiffs, pursuant to the requirements of G.L.c. 254, §§5 and SA in order to satisfy the lien established;
4. The counterclaim of the defendant, plaintiff-in-counterclaim, is dismissed, without prejudice.

 More particularly, Kort claimed, and continues to claim, that inclusion of any expenses relating to the golf course is improper because (1) the golf course, although located within the common areas of the condominium, is a facility (a) not defined in the master deed, (b) not approved by the condominium unit owners in accordance with the bylaws or G.L.c. 183A, § 18; (2) portions of the golf course are located on public land owned by the town of Bedford and other portions are on land subject to regulation by the Bedford Conservation Com *443 mission, which has never approved the course: and (3) portions of the golf course in any event violate covenants limiting the alterations and use of the subject land.

 These expenses consist of the fees and expenses of Michael Merrill, Esquire, who represents the trustees as plaintiffs in bringing this action ($7569), plus $1000 for James Franchek, Esquire, who represents the trustees as defendants-in-counterclaim — Mr. Franchek is the lawyer picked to represent the trust by the trust’s insurer — plus $ 150 in fees relating directly to the trial itself. I have reviewed the legal bills of Merrill & McGeary, Mr. Merrill’s law firm, relating to this case (Exhibit 8). The hours spent were far from excessive, given the disputed nature of this case, the vigorous defense asserted by Kort and his filing of a counterclaim, the need for discovery and other pre-trial preparation and proceedings. Mr. Merrill’s hourly rate of $130 is also eminently reasonable, and I find the total legal fees and expenses charged by him to be a fair amount. With respect to Mr. Franchek, called in to defend against the counterclaim, the expense of $ 1000 represents the deductible which the trust’s insurance carrier requires to be paid under the trust’s policy. This becomes a cost associated with the collection action brought by the trust, and is recoverable. The $ 150 represents essentially witness fees which the trust was obligated to pay to its former property manager so that she would and could take the time to be available to testify at trial. This, too, is a recoverable expense under the trust’s bylaws, which provide that a defaulting unit owner is obligated to pay “all expenses, including attorneys fees, incurred by the Trustees in collecting [an unpaid assessment].” (Bylaws, Article 6, section 3.)

 Although I heard evidence concerning Kort’s counterclaim of illegal assessment, I make no findings on the counterclaim because I agree with the trustees that Kort is foreclosed from bringing the counterclaim in this action under Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402 (1994), discussed below.

 In substance, I thus agree with and allow the trustees’ motion to dismiss the counterclaim under Mass.R.Civ.P. 41(b)(2).

 There was evidence that the trustees, through counsel, specifically brought the Blood decision to Kort’s attention before this action was begun.