McLaughlin, David A., J.
The plaintiff is the owner of unit 12 at Heath Wood Lane Condominiums, having owned fee thereof since May 2005.[1] Heath Wood Lane is comprised of 12 units which are grouped in three clusters. At the rear of each unit is an attached deck. Defendant Marjorie Katz (Katz), D. Randolph Berry (Berry), and Sara Seletz (Seletz) constitute the Board of Managers (the Board) of the Heath Wood Condominium Association (the Association).
In February 2004, the board levied a special assessment against the unit owners regarding repairs to the deck located at the rear of unit 2. That assessment was in the amount of $640 per unit. The plaintiffs paid that assessment without protest. Prior to that payment, the plaintiffs did advise the Board that, in their opinion, the condominium documents did not authorize special assessments for the decks. The plaintiffs contend that the decks were in the possession and control of individual unit owners.
On April 7, 2005, the Board advised the unit owners that it intended to repair all the decks and a special assessment would be required. The plaintiffs, through counsel, informed the Board that it was beyond the Board’s authority to make special assessments for deck repairs. By correspondence to unit owners, dated May 11, 2005, the Board advised unit owners that the deck area itself was part of the unit but that the support system was part of the common area. The plaintiffs disputed that position.
On July 8, 2005, a special meeting of unit owners was held to discuss repairs to the decks. (The plaintiffs claim that proper notice of the substance of the meeting was not provided.) On July 29, 2005, the Board sent a notice to unit owners of a proposed amendment to the by-laws which would include repairs and maintenance of the decks as common expenses. Eighty-four percent of the unit owners approved the amendment, which was recorded at the Norfolk Registry of Deeds.
On October 7, 2005, work began on the decks attached to units 4 and 6, and an assessment for such work and for driveway repairs was sent to the unit owners on October 11, 2005. The plaintiffs tendered payment for the portion of the assessment that related to driveway repairs but refused to tender or otherwise make payment for the assessment for deck repairs. On December 2005, the Board notified the plaintiffs that it would lien their unit if the assessment was not paid.
The plaintiffs commenced this action by means of a complaint filed on November 23, 2005. Katz, Berry, and Seletz were sued as Board members and in their individual capacities. After service, but before a responsive pleading was filed, an amended complaint was docketed on December 29, 2005. In March, the defendants filed a motion to dismiss and a motion for summary judgment. A hearing on those motions was held on May 10, 2006. On May 19, 2006, the Court received an emergency motion to submit further papers to be considered by the Court in connection with the aforesaid motions. The defendants filed a limited opposition to the same.
The amended complaint contains seven counts that range from a request for declaratory relief to claims for conversion to claims that equal protection rights under the United States and Massachusetts Constitutions had been violated. The defendants’ motion to dismiss asserts that the essence of the plaintiffs’ complaint is a derivative action and must be dismissed for failure to comply with the provisions of Mass.R.Civ.P. 23.1. In their motion for summary judgment, the defendants contend that the action is barred under the rule of Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402 (1994), because the plaintiffs did not pay the October 2005 assessment prior to the institution of suit.
The facts set forth in the introduction to this decision were derived from the plaintiffs’ submissions, including the amended complaint, memorandum, and affidavit. Those facts demonstrate that this controversy concerns the October 2005 assessment. In the “Statement of Facts” section of the amended complaint, the plaintiffs made it clear that the controversy was about the amendment to the by-laws and the $640.00 paid for the 2004 assessment is sought.
The decision which controls the resolution of these motions is Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402 (1994). In that matter the Appeals Court was confronted with a novel issue; i.e., what is required of a condominium unit owner who desires to challenge an assessment for common expenses. The court recognized that condominiums are creatures of statute, id. at 404, and that the statute reflects the legislative intent that there be “prompt collection of common *390 expense assessments.” Id. at 405. Accordingly, the Appeals Court held that “[s]elf-help remedies, such as withholding condominium common expense assessments, are not available.” Id. at 405-06. The court held:
We add that a unit owner is not without remedy or recourse to challenge the propriety of common expense assessments. We suggest that aggrieved unit owners should timely pay — under protest — the common expense assessment. Thereafter, ajudicial determination of the legality of the assessment, and suitable reimbursement, may be sought.
The court ruled that the above holding would be applied prospectively. Thus, Blood v. Edgar’s, Inc., supra, stands for the proposition that the unit owner must “timely pay” a common expense assessment and must pay it “under protest” in order to preserve the right to challenge it.
As to the 2005 assessment, the plaintiffs neither “timely” paid the assessment nor was it paid “under protest.” The attempt by means of an emergency motion to cure this jurisdictional problem is without merit. To allow such a procedure would be to circumvent the clear holding of Blood v. Edgar’s, Inc., supra. The court emphasized that a unit owner must follow a particular procedure in order to preserve the right to challenge an assessment. The owner must “pay— under protest — the common expense assessment." Id. at 406. This Court is not at liberty to disregard that language. Since the plaintiffs have affirmed that they paid the 2004 assessment without protest, suit for reimbursement of that assessment is barred. (As it is clear that work on the decks will continue with future assessments, the plaintiffs will have the opportunity to contest these issues in the proper procedural posture.)
As all the counts of the complaint are based on either the 2004 assessment or the 2005 assessment, the rulings above dispose of all the claims. (Allowance of the defendants’ summary judgment motion concludes this action, and, thus, there is no need to consider the merits of the motion to dismiss.)

ORDER

Accordingly, defendants’ motion for summaryjudgment is ALLOWED.

The plaintiffs allege in the amended complaint that their ownership of a unit commenced in May 2005, more than a year after this assessment. The affidavit of Harold Schonhom asserts that the plaintiffs are the original unit owners and have had continuous ownership for 21 years. As neither party discussed this point, the Court pays no heed to it.