Coven, J.
The Trustees of Hunter Village Condominium Trust (‘Trustees”) discovered that defendant Diane M. Gerke (“Gerke”), a unit owner in Hunters Village and its former property manager, had converted $39,437.53 in condominium common funds to her own personal use. The Trustees assessed the amount converted against Gerke as a condominium common expense, and filed this action to, inter alia, collect payment. Gerke, contending that the alleged misconduct could not be remedied through the use of a condominium assessment, filed a Mass. R. Civ. P., Rule 12(b)(6), motion to dismiss for failure to state a claim upon which relief could be granted. The trial court allowed Gerke’s motion, and this appeal by the Trustees followed.
1. A complaint may not be dismissed under Rule 12(b)(6) “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.” Nader v. Citron, 372 Mass. 96, 98 (1977). ‘The standard for measuring a complaint’s adequacy is an extremely lenient one, as a pleading need only ‘sketch the bare silhouette’ of an actionable claim to survive Rule 12(b) (6) scrutiny.” Wozniak & Padula, P.C. v. Gilmore, Rees, Carlson & Cataldo, P.C., 2005 Mass. App. Div. 49, 50, quoting Brum v. Dartmouth, 44 Mass. App. Ct. 318, 322 (1998).
The Trustees’ complaint states that this action was brought for “unpaid common expenses” and to “establish and enforce a lien for these unpaid common expenses.” The complaint establishes the Trustees’ authority to assess common expenses; and alleges that common expenses in the amount of $39,437.53 were assessed against Gerke in accordance with G.L.c. 183A, §6 and applicable provisions of the condominium documents, and that the assessment remains unpaid. The complaint seeks to establish Gerke’s personal liability for the assessment, to recover payment thereof, to establish a lien against Gerke’s condominium unit, and to obtain court authorization for the sale of the unit. “Although arguably the concept of a condominium was not unknown to the common law, condominium as a form of real estate ownership did not flourish until statutory authorization. ... Statutes like [G.L.]c. 183A which imprint the condominium with legislative authorization are essentially enabling statutes.” Barclay v. DeVeau, 384 Mass. 676, 682 (1981). We review the Trustees’ complaint, therefore, in the context of the G.L.c. 183A statutory scheme.
*24 In G.L.c. 183A, §6, the Legislature has provided that common expenses are to be assessed, at least annually, against all unit owners; and that unit owners are responsible personally for all sums asserted as each unit owner’s share of common expenses, including “late charges, fines, penalties, and interest assessed by the organization of unit owners and all costs of collection including attorneys’ fees, costs, and charges.” G.L.c. 183A, §6(b). The statute further provides that the organization of unit owners may assert a lien on a unit for unpaid common area expenses, G.L.c. 183A, §6 (a) (i), which, in turn, may lead to a court order for the sale of the unit. See G.L.c. 183A, §6(c); G.L.c. 254, §5A.
Nowhere in the complaint is there a reference to Gerke’s alleged conversion as the basis of the assessment of $39,437.53 against her. Therefore, technically, the Trustees’ complaint establishes a cause of action under G.L.c. 183A, §6 for unpaid common area expenses.
2. However, it was not contested below or on this appeal that the Trustees based their common expense assessment against Gerke upon her alleged conversion of condominium funds while she was serving in her capacity as the condominium property manager. Common expenses are defined in G.L.c. 183A, §1 as “the expenses of administration, maintenance, repair or replacement of the common areas and facilities, and expenses declared common expenses by [G.L.c. 183A].” It is apparent that Gerke’s conversion of funds does not fall within that part of the common expense definition which relates to the expenses or costs for the repair and maintenance of the common areas. Therefore, the initial question on this appeal is whether Gerke’s conversion of condominium common funds qualifies as an “expense declared [a] common expense” so as to entitle the Trustees to the relief requested in this action.
The Trustees focus upon that portion of §6 (a) (ii) which states, in relevant part:
If any expense is incurred by the organization of unit owners as a result of... the misconduct of any unit owner, or his family members, tenants, or invitees, the organization ... may assess that expense exclusively against the unit owner and such assessment shall constitute a lien against that unit..., and such assessment shall be enforceable as a common expense assessment....
G.L.c. 183A, §6(a) (ii). While the “misconduct” of a unit owner may result in the levy of an assessment and that assessment may be “enforceable as a common expense,” it is not apparent that the Legislature has “declared” misconduct to be a common expense. In §17 of G.L.c. 183A, the Legislature has provided an individual unit owner with the right to seek a court order directing the organization of unit owners to purchase the individual owner’s unit if, following a fire or casualty loss to common areas and facilities, seventy-five percent of the unit owners agree to proceed with necessary repairs and the cost of the remedial action will exceed ten percent of the value of the condominium. Section 17 specifically states that “[t]he cost of any such purchase shall be a common expense.” G.L.c. 183A, §17 (b) (2). Similarly, in §18 (b) of G.L.c. 183A, the individual unit owner is granted the right to seek a court order directing the organization of unit owners to purchase the individual owner’s unit if seventy-five percent of the owners agree to make improvements to common areas and facilities and the cost of the remedial action will exceed ten percent of the value of the condominium. The Legislature, once again, expressly provided that “[t]he cost of any such purchase shall be a common expense.” G.L.c. 183A, §18 (b).
While a question remains as to whether G.L.c. 183A, §6(a)(ii) “misconduct” constitutes a “common expense,” the Legislature has made it clear that an assessment for “misconduct” may be enforced as a “common expense.” Assuming that “misconduct" qualifies as a common expense, at least in the generic sense, we *25 turn to whether the specific conduct of conversion allegedly committed by Gerke is the type of “misconduct” contemplated in §6(a) (ii).[2]
The conversion complained of in this action occurred in the context of a “fiduciary relationship.” The fiduciary position held by Gerke was independent of her status as a unit owner. Section 6(a) (ii) refers to the “misconduct of any unit owner, or his family members, tenants, or invitees.” The term “misconduct” is thus qualified in §6 (a) (ii) by its relationship to a “unit owner” or the owner’s family or invitees. We decline to read that statute so broadly as to construe the term “misconduct” as encompassing any and all types of action, including the conversion at issue in this case, unrelated to the unit ownership and a unit owner’s liability for proportionate common area expenses. A statute is to be interpreted “according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Triplett v. Oxford, 439 Mass. 720, 723 (2003), quoting Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975). In our view, the type of “misconduct” or mischief that gives rise to a unit owner’s liability is that which bears a relationship to what the Legislature has defined as a common expense; that is, “the expenses of administration, maintenance, repair or replacement of the common areas and facilities, and expenses declared common expenses by [G.L.c. 183A].” So, for example, misconduct by any of the defined classes of persons that results in physical damage to any common area or facility would result in a lawful assessment against a unit owner. The misconduct complained of in this case does not have that connection to the common areas and the costs of maintaining the same.
3. The remaining question is whether Blood v. Edgar’s, Inc., 36 Mass. App. Ct. 402, 405 (1994) bars any challenge to the Trustees’ claim for relief in this case. The Massachusetts Appeals Court unequivocally held in Blood that
[i]n view of the importance placed by the Legislature on prompt collection of common expenses, we conclude that in the context of the condominium act, absent a prior judicial determination of illegality, a unit owner must pay its share of the assessed common expenses. Self-help remedies, such as withholding condominium common expense assessments, are not available.
Id. at 405. ‘Whatever grievance a unit owner may have against the condominium trustees must not be permitted to affect the collection of lawfully assessed common area expense charges.” Trustees of the Prince Condo. Trust v. Prosser, 412 Mass. 723, 725-726 (1992).
In Blood, the trustees operated a rental service for unit owners who chose to participate. The trustees charged those participating owners thirty-five percent of the gross rental revenue collected. The thirty-five percent fee proved to be insufficient to cover expenses, and the trustees rolled the deficit incurred into a common area assessment. The Appeals Court held that the trustees’ action was not autho *26 rized by either the statute, or the condominium’s master deed or by-laws, and that the assessed common expense was illegal. In this case, we have determined that the individual assessment imposed upon Gerke was not predicated upon actions that could be deemed “misconduct” under the statute and was, thus, an illegal assessment. The dispositive question is, therefore, whether the Blood rule that a unit owner must, in the absence of a prior judicial determination of illegality, pay the expense assessment is applicable here.
We conclude that in the specific circumstances of this case, Blood does not preclude Gerke’s defense to the Trustees’ claims. In Blood, there existed a relationship between the unit owner and the trustees’ imposition of the common expense assessment. While the assessment was illegal, there was a direct relationship between it and unit ownership, and a valid basis for the trustees’ belief that the assessed expense was proper. In contrast, there is no connection between the assessment in this case, Gerke’s status as a unit owner and the Trustees. The parties’ relationship in this case, from which the Trustees’ claims arose, was that of trustees and an employee.
Judgment affirmed. Appeal dismissed.
So ordered.

 Neither party has addressed the preliminary question under G.L.c. 183A §6(a)(ii) of whether, as a result of the conversion of funds, “any expense [wa]s incurred by the organization of unit owners.” An assessment resulting from “misconduct” may only be levied if the “misconduct’ results in the organization of unit owners incurring an expense. In the absence of appellate argument, the issue is waived, Dist./Mun. Cts. R. A D. A., Rule 16(a) (4); and we focus upon the parties’ opposing arguments as to whether the type of misconduct allegedly perpetrated by Gerke does or does not qualify as the “misconduct” encompassed by the statute.