MacDonald, D. Lloyd, j.
This matter involves a dispute between the trustees of a condominium association and one of the condominium unit owners. The dispute raises important issues as to the circumstances under which common expense assessments can be withheld and the remedies of a condominium’s *226 governing entity when such fees have not been timely paid. For the reasons stated below, the Court ALLOWS, in part, the plaintiffs motion. The Court DENIES defendants’ motion.
Background
Plaintiff is the Board of Trustees of 87 St. Botolph Street Condominium Trust, a condominium association (“the Trustees”). Defendants are the unit owners of Unit 2 of the condominium at 87 St. Botolph Street (the “St. Botolph Street Condominium” or the “Condominium”), Brenda J. Cohen and Marsha R. Cohen (collectively, “the Cohens”). The dispute is over alleged unpaid common expense assessments. The Trustees seek payment, attorneys fees, and costs under G.L.c. 183A, §6(a) and an order of sale of the condominium to generate funds to pay the arrearages. The Cohens seek a judgment that they owe nothing.
St. Botolph Street is in the Back Bay area of Boston, adjacent to the South End. The Cohens bought their unit in the St. Botolph Street Condominium in 1988 from the condominium developer. Brenda Cohen initially lived in the unit but then moved to Florida. Since 1990, the Cohens have been absentee owners and have rented out their apartment. Over the years, they have employed a professional property management company to maintain the unit. The quality of the maintenance of the unit is not at issue.
There are four units in the Condominium. The Cohens are the only unit owners who are not trustees of the Condominium.
In 2005, a contentious dispute arose between the Cohens and the other unit owners over two issues. The details are not important to the matter before the Court, but one issue related to water damage to the Cohens’ unit allegedly caused as a result of the removal the roof deck on the top-floor unit and the construction of an addition there. The second issue arose from the Trustees’ attempt to remove an outdoor stairway that led from the Cohens’ unit to the rear garden of the apartment comprising the basement unit of the Condominium. The owner of the basement unit was (and appears to continue to be) the designated manager of the Condominium.
The Cohens filed counterclaims in this action against the Trustees, incorporating their claims with regard to the water damage and the rear stairs. The counterclaims were dismissed as having been misjoined, but were then refiled as an independent action that is now pending in another session in this court. The Trustees’ motion to dismiss the claim in that action was denied on May 30, 2007. See Brenda J. Cohen v. Board of Trustees of the 87 St Botolph Condominium Trust, Suffolk Superior Court Civil Action No. 06-5129-A (May 30, 2007) (Troy, J.).
Back to the origin of the instant suit: As a protest of the Trustees’ conduct with regard to the rear stairs and the Trustees’ inaction with regard to the water damage, in November 2005, the Cohens began to withhold payment of their monthly common expense assessments.
On March 22, 2006, the Trustees made a formal demand in the form of a deficiency notice pursuant to G.L.c. 183A, §6(c) for $1,724.40 owed in connection with the Cohens’ failure to pay their monthly common expense assessments. (Hereinafter, G.L.c. 183Awillbe referred to as the “Statute” where a specific section or subpart is not being cited.)
The amount of $1,724.40 consisted of $588.00 in overdue monthly common expense assessments, $300.00 in upkeep fees for non-resident owners, $800.00 in late fees at $10.00 per day from December 31, 2005, and $36.40 in interest at two percent per month for balances more than 30 days past due. The late fees and interest were purportedly assessed pursuant to the authority of the Trustees as provided in the trust documents comprising the Condominium agreement (the “Trust Documents”).
In April 2006, having engaged an attorney to advise them, the Cohens communicated to the Trustees, through their attorney, that they would pay the deficiency as demanded in the Section 6(c) notice. The Cohens paid the full $1,724.40 with two checks, the second of which cleared on May 5, 2006. Thus, as of May 5, 2006, they were entirely current with the Trustees.
Despite such payments, however, the Cohens were served with a summons in this action on May 11, 2006.
There is also no dispute that since May 5, 2006, the Cohens have timely paid all currently owed monthly common expense assessments.
In mid-May 2006, i.e., after the March 22nd deficiency amount had been paid, and after the Cohens were served with this action, the Trustees presented the Cohens with an additional bill for $1,649.00, representing attorneys fees allegedly incurred by the Trustees in response to the Cohens having withheld payment of the common expense assessments from November 2005 through April 2006.
The Cohens protested the amount, claiming, inter alia, that the fees wrongfully included charges in connection with the water damage and garden stairway disputes, and, further, were unreasonable in any event, because they were generated in substantial part after the Cohens had agreed to pay the assessed deficiency in full. The Cohens then refused to pay the legal bill.
When the Cohens failed to pay, the Trustees thereafter billed the Cohens, on what appears to be a monthly basis, for the outstanding principal amount of the legal fees, plus late charges, interest and additional attorneys fees. Late charges billed ranged from $290.00 to $320.00 per month, significantly higher than the Cohens’ monthly common area, charges. *227 Interest was charged at two percent per month for balances more than 30 days past due at month-end. The dally late charges and interest rates were the same as assessed to the Cohens when they had earlier refused to pay their monthly common expense assessments.
In effect, what resulted was a situation where, notwithstanding the fact that the previously withheld monthly common expense assessments and related penalty charges had been paid in full, and the fact that the Cohens timely paid their monthly common expense assessments from May 2006 to the present, a steadily increasing amount of arrearages accumulated as monthly penally, interest charges and related legal fees were successively added to the contested $1,649.00 of attorneys fees.
By the time of the hearing on the instant motions, the amount of outstanding charges assessed to the Cohens had increased to $16,061.02.
According to the Trustees’ ledger, the $16,061.02 was comprised of $9,718.00 in legal fees (the fees in the present action were added to those incurred in connection with the original withholding of monthly maintenance fees), late fees of $5,070.00, interest of $2,331.42, common area assessments of $2,646.00, and non-resident maintenance charges of $1,350.00. The Trustees’ bookkeeping system applies the Cohens’ regular monthly payments to the oldest outstanding item in the ledger; thus, according to the Trustees’ records, the Cohens’ account shows some earlier invoices from the Trustees’ counsel to have been paid in full, while common area assessments appear as past due.
The Trustees attached to their summary judgment motion an affidavit from their attorneys detailing $8,201.00 of fees and disbursements that had been charged to the Trustees to the date of the affidavit, and also that were anticipated to be charged in preparation for and attendance at the summary judgment hearing. The motion was dated January 29, 2007.
The Trustees ask that the Court rule that a lien for $16,061.02 exists on the Cohens’ unit and that the Court order the sale of the condominium pursuant to G.L.c. 186, §69(c) and G.L.c. 254, §§5 and 5A if the full amount of the arrearage is not paid upon entry of judgment.
The Cohens seek judgment that they owe nothing because the fees were unnecessarily and unreasonably incurred after they had agreed to pay the full amount of the March 22, 2006 demand.
Discussion
The Statutory Requirement to Pay Common Expense Assessments
Pursuant to G.L.c. 183A, §6(b), a condominium unit owner “shall be personally responsible for all sums asserted for his share of the common expenses including late charges, fines, penalties and interest assessed by the organization of unit owners and all costs of collection including attorneys fees, costs, and charges.” It has been consistently held that “a condominium unit owner may not challenge the legality of a common expense assessment by refusing to pay it.” Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402, 405, 410 (1994). This principle of law rests on the fundamental policy consideration that to rule otherwise would place at risk the financial stability of any condominium association. Trustees of the Prince Condominium Assoc. v. Prosser, 412 Mass. 723, 725-26 (1992). See also Baker v. Monga, 32 Mass.App.Ct. 450, 453-54 (1992) (holding that “(ajbsent an adjudication by a court of competent jurisdiction that the condominium association’s adoption of its budget or imposition of its assessment was accomplished in bad faith or in excess of its authority, condominium charges by the unit owners organization are not subject to set-off or some other form of self-help remedy” (emphasis added)).
Common expense assessments are defined in G.L.c. 183A, §1 as “the expenses of administration, maintenance, repair or replacement of the common areas and facilities, and expenses declared common expenses by [G.L.c. 183A].” Common expenses are to be assessed at least annually against all unit owners, “based on a budget adopted at least annually in accordance with the master deed, trust, or by-laws.” G.L.c. 183A, §6(a)(i). The Statute further provides that the organization of unit owners may assert a lien on a unit for “any common expense assessment levied against that unit from the time the assessment becomes due.” G.L.c. 183A, §6(a)(i). Such a lien, if not satisfied, can be enforced by a court-ordered sale of the unit. G.L.c. 183A, §6(c); G.L.c. 254, §5A.
In addition, the Statute empowers the Trustees to enforce as common expense assessments “any expense . . . incurred ... as a result of the unit owner’s failure to abide by the requirements of this chapter or the requirements of the master deed, trust, by-laws, restrictions, rules or regulation, or by the misconduct of an unit owner, or his family members, tenants or invitees.” These expenses “shall constitute a lien against the unit from the time the assessment is due.” G.L.c. 183A, §6(a)(i).
As thus construed, the Statute places enormous power in the hands of the managing entity of the condominium, because the unit owner subject to such assessments has no recourse, absent injunctive relief obtained at the time the assessments issue, to avoid payment. The unit owner’s recourse, as noted above, is post hoc.
We are now at that post hoc juncture of this particular condominium dispute, but where the protesting unit owner has continued to refuse to pay the steadily increasing amounts assessed in connection with the dispute.
*228 Application to the Facts
The Cohens have not challenged the adequacy of notice of the charges at issue here, and the Court accepts notice as having been proper. With that being the case, the Court has no alternative but to rule in the first instance that the Cohens are liable, as a matter of law, for all amounts assessed by the Trustees, no matter how unjust the Cohens believed the original legal fee assessment and the escalating assessments thereafter to have been. The law of the Commonwealth is that the Cohens were obligated to pay first, and to protest by litigation later. See Blood v. Edgar’s Inc., supra, at 403, holding that the unit owner had no right to have withheld payment of a special assessment even though the assessment at issue “was [as found by the Appeals Court], indeed, unlawful.”
As noted above, the Condominium’s alleged damages are comprised of $9,718.00 in legal fees, $5,070.00 in late fees, and $2,331.42 in interest.
Legal fees
The Trustees’ entitlement to attorneys fees, and their inclusion in any lien, is subject to the limitation that they must be reasonable. Trustees of Whitehall Condominium Trust v. Wilson, 2002 WL 31421758, *2 (Essex Super.Ct., Jan. 28, 2002) (Billings, J.). “All attorneys fees, moreover, are limited by the general principle that all court-awarded attorneys fees, and specially those awarded against an opposing party under a fee-shifting statute, are to be reasonable.” Id. See Linthicum v. Archambault, 379 Mass. 381, 390 (1979) (“Where the award of costs is statutorily authorized, judges are vested with discretion either expressly or by judicial construction in determining the size of the award”).
Determining what constitutes a reasonable attorneys fee award is a process “committed to the sound discretion of thejudge.” Berman v. Linnane, 434 Mass. 301, 302-03 (2001).
The Supreme Judicial Court recently reaffirmed the standards to apply in assessing a fee and cost submission. Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411 (2005). The Court stated:
We have said that a judge must examine a number of factors to determine whether an award of attorneys fees and costs is reasonable. See, e.g., Linthicum v. Archambault, 379 Mass. [supra, at 388-89). While the amount of a reasonable attorneys fee is largely discretionaiy, a judge “should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation, and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Id. “No one factor is determinative, and a factor-by-factor analysis, although helpful, is not required.” Berman v. Linnane, 434 Mass. [supra, at 303].
The Court applies these criteria to the case at hand:
Before the Cohens were served with the complaint, they had paid the entire outstanding amount that had been formally demanded of them pursuant to the enforcement provisions of G.L.c. 183, §6(c). At that time, no attorneys fees had been assessed, and thus there were no delinquent charges arising from attorneys fees that were billed to the Cohens as common area assessments.
As noted above, the Trustees included with their motion papers an affidavit of their counsel with regard to the basis of $8,201.00 of the $9,718.00 in legal fees and costs assessed to the Cohens. This includes $529.00 in filing fees and other disbursements charged to the Trustees as of the preparation of the summary judgment motion.
Counsel billed the Trustees at an hourly rate of between $190.00 and $300.00 per hour. These amounts are in line with rates customarily charged in the Boston metropolitan area for sophisticated legal counsel. Accordingly, they are reasonable, at least as far as the attorneys’ rates are concerned. See Linthicum v. Archambault, supra at 388-89.
The amount of $9,718.00 charged for legal services, however, is patently unreasonable. First, a close examination of the billing printouts discloses that most of the services billed after May 8, 2006 involves work to dispute the Cohens’ water damage claim and the Trustees’ allegedly unlawful effort to remove the Cohens’ rear stairway.
As noted, these claims are the subject of a separate action currently pending in a different session of the Suffolk Superior Court.[1] While it is reasonable that the Cohens be allocated their fair share of the Condominium’s expenses incurred in defending against the Cohen’s suit, it is not reasonable to charge those fees in this proceeding, which arises from a discrete indebtedness, namely, legal fees to enforce the March 22, 2006 demand letter.
The Court’s ruling in this regard is without prejudice to the Trustees’ seeking recovery for the Cohen’s allocable share of the expenses incurred in the collateral water damage and rear stairway litigation in the course of that action, now pending in the Superior Court.
The Court finds that the amount of $2,479.00 is reasonable for attorneys fees and expenses to collect the unpaid common area charges that were the subject of the March 22, 2006 demand. A review of the plaintiffs’ billing statements discloses that 5.75 hours at $300.00 per hour, $670.00 in services at a flat fee, and $529.00 in costs were spent on services plausibly connected to the recovery of the $1,724.40. The total reasonable legal fees and related disbursements are $2,479.00.
*229 Late fees
As noted above, in the plaintiffs’ statement of account presented at the time of the summary judgment hearing, of the $16,061.02 calculated to be due from the Cohens, late charges totaled $5,070.00. This was in addition to the $800.00 of late fees included in the $1,724.40 that comprised the Trustees’ March 22, 2006 demand. Late fees were apparently charged at the rate of $10.00 per day.
The same provision of the Statute that allows attorneys fees to be charged and enforced as common expense assessments also permits any “charges, late charges, fines, costs of collection and enforcement. .. and interest” to be charged as common area assessments. G.L.c. 183A, §6(a)(ii).
The Trust Documents permit late fees on the amount of each duly assessed “statement” to a unit owner “in such amount or at such rate as the Trustees shall determine." The Trust Documents further state that the unit owner “agrees to pay all costs and expenses, including reasonable attorneys fees, incurred by the Trustees in collection of said assessments for common expenses and enforcement of said lien.” According to the Trust Documents, unpaid assessments, documented in the statement of annual charges, may be charged a late fee.
Thus, the Cohens were on notice that the Trustees could assess late fees and interest for failure to pay common expense assessments when they purchased Unit 2.
As with attorneys fees, the late charges and interest charges are reviewed for reasonableness.[2]
It appears that the Trustees imposed a late fee equal to the maximum amount specified for fines in the Trust Documents. Whether it is $10 per day or $310 per month on a base arrearage of $1,649.00 (the assessment for legal fees in May 2006, upon which all subsequent claims for fees and costs are based), the late fee here is beyond reason. A reasonable late fee amount in the particular circumstances of the case is a monthly charge of $50.00. Therefore, the total late fee charge is $600.00, through the date of this decision.
Interest
The 2% per month interest charged (annualized at 24%) charged by the Trustees is reasonable.
The grand total of attorneys fees, late charges and interest as of today’s date is $3,817.96.
ORDER OF JUDGMENT
Judgment shall enter for the plaintiffs in the sum of $3,817.96, plus statutory interest. Plaintiffs’ counsel may, within ten days, submit a computation of interest at 12% from the dates that each respective charge became delinquent; otherwise, interest shall run from July 1, 2005 on the original legal fee of $1,649.00.
The full amount of the judgment against the plaintiffs shall constitute a lien under G.L.c. 183A, §6 on condominium unit 2 in the 87 St. Botolph Street Condominium.
Plaintiffs may enforce their lien by sale of the unit in accordance with the provisions of Chapter 183A.
Plaintiffs’ counsel may submit such form of judgment as is necessary to effectuate the terms of this Order, if possible with the agreement (as to form) of the defendants.

 Cohen v. Board of Trustees of the 87 St Botolph Street Condominium Trust, Superior Court Civil Action No. 06-05129.

G.L.c. 183A, §6(a) does not include a reference to the reasonableness of the various charges that it otherwise authorizes. However, in G.L.c. 183A, §10(b)(5), where the trustees are authorized to levy fines, such fines must be “reasonable.” A statute is to be read as a consistent and harmonious whole. See Kargman v. Comm’r of Revenue, 389 Mass. 784, 788 (1983); Williams Auto Elec. Serv., Inc. v. Hebert, 63 Mass.App.Ct. 182, 184-85 (2005). Constmingthe two sections consistently, the “reasonable” restriction applies to all charges assessed under G.L.c. 183A. See Brough v. Juniper Capital Finance Corp., 57 Mass.App.Ct. 1108, 2003 WL 328693, *1 (2003) (unpublished) (reviewing a trial court’s decision as to whether fines and attorneys fees were “excessive,” and affirming the trial court’s determination that they were “reasonable”).