Kaplan, Mitchell H., J.
This is an action brought by a plaintiff, the Trustees of the Twelve Forest Hills Street Condominium Trust (the “Trustees” or the “Trust”), against the defendant unit owner, Queenanne Wray, to establish a debt to the Trust based on allegedly unpaid common area expenses and to enforce a statutory lien against both her and the first mortgagee on her unit, defendant Rockland Federal Credit Union (“Rockland”), and for an order that the unit be sold pursuant to G.L.c. 254, §§5 and 5A. The case is before the court on the Trustees’ motion for summary judgment and Rockland’s cross motion for summary judgment on the issue of whether any lien against Wray would have priority over its first mortgage. For the following reasons, the motions are DENIED.
FACTS
The following facts are taken from the affidavits filed in support of and opposition to the motion and from testimony provided by Wray, who appears pro se in this case, during the hearing on this motion. It is viewed in the light most favorable to the defendants as the non-moving parties.
The condominium in question is a three-unit residential building in Jamaica Plain. Each of the unit owners is a trustee of the Trust. Any two of the unit owners can therefore cause the Trust to act. Rockland holds the first mortgage on Wray’s unit.
For some number of years, a retaining wall in front of the building needed repair. Indeed, since 1999 the insurer for the properly had threatened to cancel the Trust’s policy because it had not been repaired. Wray asked her fellow trustees to join with her in repairing the retaining wall, but they refused. Ultimately Wray spent $2000 of her own funds to start the project. Sometime thereafter, the Ci1y of Boston cited the Trust because the wall required repair, and the Trust undertook repairs. At some point during wall repair, it was determined that stairs through the wall were not being properly constructed; this required additional work. The other two trustees initially agreed that Wray would be credited for the amount that she had spent for work on the wall in apportioning the costs of the work; nonetheless, when determining the sums due for the wall repair, the other trustees refused to give Wray any credit for her prior expenditures. Rather, they assessed each unit $8500 for the original contracted price for the wall repair, and $1,166.67 for the stair work. Wray paid $7500 of the assessment, but refused to pay the balance. Wray also refused to pay an assessment of one-third of legal fees incurred to respond to the citation issued by the City, $706.33 and one-third of the cost of the additional stair work, $1,166.67.
*423 There is insufficient evidence in the summaiy judgment record to establish that the trustees, or at least two of them, adopted a budget that included the wall and stair expenditures and made the assessments based on that budget. There is also no evidence in the summaiy judgment record as to when the budget including these expenditures was adopted or when the assessments were made. Rather, the Trust only asserts that as of June 21, 2011, Wray had a balance due on her account of $2,873. There is also no evidence that the Trust sent Rockland either a notice of sixly days of delinquency on the part of Wray for these expenses, or a notice of intent to file this action and enforce a lien thirty days before this action was filed. For its part, Rockland has denied receiving such notice.
DISCUSSION
In Blood v. Edgar’s Inc., 36 Mass.App.Ct. 402, 405-06 (1994), the Appeals Court made it quite clear that “absent a prior judicial determination of illegality, a unit owner must pay its share of the assessed common expenses. Self-help remedies, such as withholding condominium common expense assessments are not available ... [A] unit owner is not without remedy or recourse to challenge the propriety of common expense assessments . . . [Ajgrieved unit owners should timely pay — under protest — the common expense assessment. Thereafter, a judicial determination of the legality of the assessment, and suitable reimbursement, may be sought.” While Blood involved a large unit owner in a condominium complex with many units, it applies equally to small residential condominiums where relationships between as few as two unit owners can adversely affect the interests of a third. In this case, therefore, if the only issue were the propriety of the assessment against Wray, the court would award judgment, at least as to the debt, to the Trust. However, in this case Wray, in effect, asserts that she paid $2000 toward wall repair and that the other two trustees agreed to credit her with that amount but reneged. The court does not believe that Blood precludes a unit owner from putting on evidence that she has paid all or part of the assessment in question. That issue is in dispute in this case. Although, the math suggests that even if the $2000 is credited to Wray, there will still be a balance due the Trust.
The court also notes that under G.L.c. 183A, §6, a “common expense assessments must be made . . . based on a budget adopted ... in accordance with the master deed, trust, or by-laws.” Accordingly, whether the wall repairs, and especially the stair repairs, constitute a common expense assessment will require proof that they were incurred pursuant to a budget approved by the Trustees. Otherwise, by definition, they are not common expense assessments. The sum-maiy judgment record is inadequate to make that determination.
Rockford also challenges the Trustees’ demand for the entry of a lien for Wray’s common expense assessments that has priority over its first mortgage on unit two. It argues that the assessments in question are “special assessments” within the meaning of §6(c), it did not receive the thirty-and sixty-day letters required by that subsection, and there is no proof that the assessments are “six month’s of common assessments” within the meaning of this subsection.
§6(c) provides, with respect to a first mortgagee: “The priority amount shall not include any amounts attributable to special assessments . . .” The term “special assessments” is not defined in §6, and the parties have not pointed the court to any other source for an applicable definition. It could be interpreted to mean any assessment that is not part of the regular monthly common expense assessments, for example an assessment for wall repair. It could also mean an assessment that is special to a unit owner and not made pro rata to all unit owners, or perhaps something else. Additionally, if the sixty-and thirty-day letters referenced in this subsection were not sent to Rock-land, this would substantially limit the amount of a lien that could come ahead of Rockland’s mortgage, as this case now seems to involve claims for attorneys fees that exceed the principal amount that Wray might owe. See §6(c) (if there is a failure to send these letters “the priority amount shall not include any costs or attorneys fees incurred in the action to enforce the lien”). The court finds the summaiy judgment record incomplete and inadequate to decide whether assessments for the wall and stair repair are special assessments and whether the requisite letters were sent to Rockland.
The court cannot help but note that this case is generating legal fees far in excess of the amounts in dispute between Wray and the other two trustees. The court can understand why, if Wray’s allegations regarding the histoiy of the problems with the retaining wall are true, she would be upset and feel that it was unjust for the other trustees to fail to credit her with the money she spent on wall repairs or charge her for attorneys fees incurred to respond to a citation from the City that would not have issued if the wall had been repaired in a more timely fashion. Nonetheless, G.L.c. 183A, §6 imposes legal fees and costs incurred by the Trust on a unit owner found to have failed to pay a common expense assessment. Wray has embarked on a course of action in defending this action that may in the end cost her dearly. At the same time, if all or a majority of a judgment against Wray does not receive priority over Rockland’s mortgage, the Trust may have difficulty recovering a judgment entered in its favor. This case cries out to be settled. The court suggests that the parties consider employing the services of the court’s mediator to find a resolution to this ever-escalating dispute between the owners of this three-unit condominium residence.
*424 ORDER
For the foregoing reasons, the motions for summary judgment are DENIED. The clerk shall issue an order directing the parties to prepare a joint pretrial memorandum and for a final pretrial conference, unless they report that they are going to engage in mediation.