# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lake Wynonah Property           :
Owners Association,               :
                                          :
                                          :
                v.                  :    No. 61 C.D. 2018
                                          :    Argued: December 11, 2018
Jeff Seisler and Dana Seisler,     :
                  Appellants      :

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                 **HONORABLE ANNE E. COVEY,** Judge
                 **HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED: January 4, 2019**

Jeff Seisler and Dana Seisler (Seislers) appeal from an Order of the Court of Common Pleas of Schuylkill County (common pleas) that granted summary judgment in favor of the Lake Wynonah Property Owners Association (Association). The Seislers assert common pleas erred because there were genuine issues of material fact that precluded entry of summary judgment. The Seislers also assert that common pleas abused its discretion in granting summary judgment without providing them an opportunity to engage in discovery after they obtained counsel. Upon review of the record, we discern no errors or abuse of discretion. Accordingly, we affirm.

This action commenced in February 2015 after the Seislers filed a notice of appeal from a default judgment entered against them in magisterial district court. In response to the appeal, the Association filed a complaint in common pleas, seeking $12,424.96 in delinquent homeowners' association assessments and other fees and costs, such as legal fees. (Compl., Wherefore clause, Reproduced Record (R.R.) at 20a-21a.) The Seislers, who were proceeding pro se at the time, filed a letter, which common pleas treated as an answer. In the letter/answer, the Seislers alleged that the Association and its management company were negligent in maintaining a dam in the development, resulting in the increased assessment to cover the cost of repairs. (R.R. at 43a.) In addition, the Seislers alleged the Association increased dues without a vote by two-thirds of the members. (*Id.*) The Seislers disputed owing legal fees but admitted to owing $4429.42 in past due assessments. (*Id.* at 44a.)

Unaware that the Seislers had responded to the complaint, the Association filed a praecipe for writ of execution, which was ultimately withdrawn by the Association upon learning that the letter/answer had been filed. (1925(a) Opinion (Op.) at 2.) Aside from activity related to executing on the judgment, this was the only activity until August 2017, when the Association filed its motion for summary judgment, wherein the Association updated the amount due from the Seislers to $19,668.50, to reflect the incurrence of additional fees and costs. (R.R. at 52a.) The Seislers, now represented by counsel, filed an answer to the motion, challenging the amount due, including the reasonableness of the legal fees sought. (*Id.* at 110a-12a.) In addition, the Seislers alleged that discovery was necessary to aid in their defense. (*Id.* at 112a.)

On October 10, 2017, common pleas issued the Order granting summary judgment in the Association's favor in the amount of $19,668.50. From this Order,

the Seislers appealed to the Superior Court, which subsequently transferred the appeal to this Court by order dated December 7, 2017. In their Statement of Errors Complained of on Appeal filed pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), the Seislers alleged that there were genuine issues of material fact that were in dispute, such as whether the assessments for the repairs to a dam were proper and whether the increase in dues was in accordance with the bylaws. They also disputed the amount alleged due, including legal fees, and asserted that the motion for summary judgment was premature, as no discovery had occurred.

Common pleas, in its opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), noted that the Seislers relied solely upon the averments in their letter/answer and response to the motion for summary judgment, which are legally insufficient to preclude the grant of summary judgment. (Rule 1925(a) Op. at 5 (citing *ToDay's Hous. v. Times Shamrock Commc'ns, Inc.*, 21 A.3d 1209, 1213 (Pa. Super. 2011)).) Regarding the lack of discovery, common pleas found that there was ample time for discovery in the two and one-half years between the commencement of the action in February 2015, and the motion for summary judgment in August 2017, of which the Seislers did not avail themselves. (*Id.* at 5-6.) Furthermore, common pleas noted that the Seislers' prior pro se status did not excuse them from seeking discovery, which would have potentially provided them evidence to support their legal defenses. (*Id.* at 6.)

On appeal, the Seislers argue that genuine issues of material fact exist, which precluded entry of summary judgment. Specifically, they argue that the affidavit filed with the motion for summary judgment outlining damages was confusing.

They further argue that the amount allegedly owed is in dispute, as they only admit that $4429.42 is due. They also dispute the amount of legal fees, asserting discovery is needed to determine the reasonableness of those fees. Because there was no discovery, the Seislers assert that the motion for summary judgment was premature. The Seislers urge this Court to reverse common pleas' Order and remand either for discovery or an evidentiary hearing.

The Association responds that under the Uniform Planned Community Act (Act), 68 Pa. C.S. §§ 5101-5414, the deed restrictions, and the bylaws, the Seislers are obligated to pay all assessments, late fees, and court costs associated with collection thereof. Even if the Seislers are dissatisfied with the Association's management of the community, the Association claims they cannot resort to self-help, citing *Logans' Reserve Homeowners' Association v. McCabe*, 152 A.3d 1094 (Pa. Cmwlth. 2017). The Association points out that the Seislers could have asserted a counterclaim but did not. As for the amount of damages, the Association argues there is evidence of record to support the award, and the affidavit that the Seislers complained of as being confusing was withdrawn and a new affidavit correcting the error in the amount was substituted in its place.[1] Related to discovery, the Association contends that the Seislers could have served discovery at any time but did not do so. It asks the Court to affirm common pleas' Order.

---

[1] The original affidavit showed an outstanding balance of $3804.98, accelerated monthly assessments of $800, and legal fees of $1362.00. (R.R. at 68a.) The substituted affidavit corrected the outstanding balance to $17,506.50 and left the amounts for accelerated monthly assessments and legal fees unchanged. (Supplemental Reproduced Record (S.R.R.) at 13b.) Importantly, both the original affidavit and substituted affidavit reflected a total due as $19,668.50. (R.R. at 68a; S.R.R. at 13b.)

4

**<u>Propriety of Granting Summary Judgment</u>**

We begin with the Seislers' claim that common pleas erred in granting summary judgment because genuine issues of material fact existed. "Appellate review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion." *Id.* at 1098 n.7 (citation omitted). "Summary judgment is appropriate only when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.,* 903 A.2d 608, 613 (Pa. Cmwlth. 2006).

"The moving party bears the burden of proving that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Allen v. Colautti*, 417 A.2d 1303, 1307 (Pa. Cmwlth. 1980). "A material fact is one that directly affects the outcome of the case." *Logans' Reserve*, 152 A.3d at 1099 n.8 (citation omitted). Once "a moving party proffers evidence indicating that a certain fact exists, the non-moving party must point to evidence in the record indicating that a conflict in the evidence warrants review by the fact finder." *Schell v. Guth*, 88 A.3d 1053, 1055-56 (Pa. Cmwlth. 2014). However, Rule 1035.3(a) of the Pennsylvania Rules of Civil Procedure provides that an "adverse party may not rest upon the mere allegations or denials of the pleadings" when responding to a summary judgment motion. Pa.R.C.P. No. 1035.3(a); *see also Babb v. Centre Cmty. Hosp.*, 47 A.3d 1214, 1223 (Pa. Super. 2012) ("Where the non-moving party bears the burden of proof on an issue, [they] may not merely rely on [their] pleadings or answers in order to survive summary judgment." (citation omitted)). The "[f]ailure of a non[-]moving party to adduce sufficient evidence on

5

an issue essential to [their] case and on which [they] bear[] the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Babb*, 47 A.3d at 1223 (citation omitted).

Here, the Association met its burden of establishing that, under the Act and the Association's governing documents, the Seislers, as members, were obligated to pay the assessment, fees, and other costs. In fact, the Seislers do not appear to dispute that the Act and governing documents allow the Association to charge assessments, fees, and costs. Rather, they "assert . . . that their obligation to pay dues and assessments are contingent upon such dues and assessments being properly and legally adopted in accordance with the applicable governing documents and statutory and common law." (Answer to Motion for Summary Judgment ¶ 18, R.R. at 111a.) The burden, therefore, fell on the Seislers to establish this defense. To do so, the Seislers did not point to any evidence or provide any affidavits in support of this proposition. Instead, they simply relied on the allegations set forth in their letter/answer that the Association mismanaged the community, resulting in an increased assessment to cover the cost of dam repairs without the required approval by two-thirds of its members.[2] As common pleas found, and the above legal standards indicate, this is insufficient to defend against summary judgment. Pa.R.C.P. No. 1035.3(a); *Babb,* 47 A.3d at 1223.

The Seislers similarly did not provide evidence to show the amount claimed by the Association as due and supported by documentation was incorrect. They

---

[2] Even if there was evidence that the Association mismanaged the community, the Seislers still would not have established a genuine issue of material fact to prevent entry of summary judgment. The Seislers "were required to pay the Association's assessments regardless of any alleged inadequacies in the Association's performance." *Logans' Reserve*, 152 A.3d at 1101-02; *see also Rivers Edge Condo. Ass'n v. Rere, Inc.*, 568 A.2d 261, 263-64 (Pa. Super. 1990) (holding unit owner's remedy for an association's negligence or breach of contractual duties was to institute action against the association not withhold dues or assessments).

again attempt to rely on their denial in the letter/answer that anything more than $4429.42 was owed. This general denial does not meet the standard required to oppose summary judgment. Pa.R.C.P. No. 1035.3(a); *Babb,* 47 A.3d at 1223. To the extent the Seislers claim the affidavit filed in support of the Association's motion for summary judgment was confusing and, thus, insufficient to support entry of summary judgment, we disagree. As the record reflects, the Association substituted a corrected affidavit upon detecting the error in the original affidavit. In addition to the affidavit, the Association appended a spreadsheet reflecting all debits and credits to the Seislers' account. (R.R. at 71a-74a.) These documents support the entry of summary judgment, especially in light of the lack of any evidence to the contrary. Furthermore, regarding the reasonableness of legal fees, an "appellant must set forth some facts, beyond bald assertions, to support [their] argument [that] the attorney's fees were unreasonable." *Citicorp Mortg., Inc. v. Morrisville Hampton Vill. Realty Ltd. P'ship*, 662 A.2d 1120, 1123 (Pa. Super. 1995).

In short, while the Association set forth evidence to support its claims, the Seislers did not bring forth any evidence to support their defenses. Their opposition to the summary judgment motion was based entirely on bald assertions or general denials made in either their letter/answer or their answer to the motion for summary judgment. Because mere allegations or denials are insufficient as a matter of law, common pleas did not err in granting summary judgment against the Seislers. Pa.R.C.P. No. 1035.3(a); *Babb,* 47 A.3d at 1223.

## Propriety of Denying Discovery

This leads us to the Seislers' second argument: that discovery was necessary in order for them to present evidence to support their defenses, and common pleas

abused its discretion in denying them the opportunity to engage in discovery. The Seislers contend discovery was necessary for them to challenge the amount due. Because they had just retained counsel when the summary judgment motion was filed, the Seislers argue they should have been afforded an opportunity to seek discovery before the motion for summary judgment was decided.

We review the denial of a request to conduct discovery to determine whether common pleas abused its discretion. *Kerns v. Methodist Hosp.*, 574 A.2d 1068, 1073 (Pa. Super. 1990). A "trial court has broad discretion to take such action as it deems appropriate to insure *prompt* and *adequate* discovery." *Id.* (emphasis in original). "Although parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment, the party seeking discovery is under an obligation to seek discovery in a timely fashion." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1124 (Pa. Super. 2004). In *Reeves*, the Superior Court was faced with a similar issue as that posed here.[3] The Superior Court stated: "Where ample time for discovery has passed, the party seeking discovery (and opposing summary judgment) is under an obligation to show that the information sought was material to their case and that they proceeded with due diligence in their attempt to extend the discovery period." *Id.*

In that case, a motion for summary judgment was filed two years after the suit was initiated and one year after the start of discovery, which was completed seven months earlier. The latest discovery request was filed after the motion for summary judgment was filed. The Superior Court found that "[o]ther than several bald statements that the information sought was 'arguably germane' to her causes of

---

[3] Although not binding on this Court, a Superior Court decision can be cited for its persuasive value. *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018). Because *Reeves* involves analogous facts, we find it persuasive.

action, [a]ppellant makes no meaningful argument to this Court as to the materiality of the information sought." *Id.* Nor did the appellant make any showing of her efforts to obtain the information sought. *Id.* As a result, the Superior Court found the trial court did not abuse its discretion in ruling on the motion for summary judgment. *Id.*

Here, a reasonable period of time for discovery had expired. The Seislers initiated this action in common pleas when it appealed the magisterial district court decision in early 2015. The Association promptly filed its complaint. Aside from filing their letter/answer in May 2015, the Seislers took no further action of any sort until after the Association filed its motion for summary judgment in late August 2017. The Seislers had more than two and a half years to seek discovery to aid in their defense but did not do so. Furthermore, the Seislers have not demonstrated the materiality of the requested discovery or that they proceeded in a timely manner with respect to the discovery sought. *Id.* As for materiality, like the appellant in *Reeves*, the Seislers make a bald assertion of materiality, which is insufficient. Furthermore, how the Association managed or mismanaged the community is of no relevance to this matter. This Court has held that alleged inadequacies in an association's performance of its duties does not excuse a property owner from paying the association's dues and assessments. *Logans' Reserve*, 152 A.3d at 1101-02; *Rivers Edge Condo. Ass'n v. Rere, Inc.*, 568 A.2d 261, 263-64 (Pa. Super. 1990). Moreover, as described above, the Seislers did not proceed in a timely manner with requesting discovery. The Seislers argue they were pro se and did not obtain counsel until the summary judgment motion. However, this does not excuse their lack of diligence. "[I]t is axiomatic that a party seeking to represent [themselves] assumes the risk that

[their] lack of legal knowledge might prove to be [their] undoing." *Commonwealth v. Geatti*, 35 A.3d 798, 800 (Pa. Cmwlth. 2011).

In summary, we find no errors or abuse of discretion in common pleas' grant of summary judgment or refusal to allow discovery. Accordingly, we affirm.

 

 

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lake Wynonah Property     :
Owners Association,     :
    :
    :
    :
v.     :    No. 61 C.D. 2018
    :
Jeff Seisler and Dana Seisler,     :
           Appellants     :

## **O R D E R**

**NOW**, January 4, 2019, the Order of Court of Common Pleas of Schuylkill County, entered in the above-captioned matter, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge